**Vernon J. COPOUS, Sr., etc., Plaintiff,**

v.

**ODECO OIL & GAS CO.,
Defendant–Third Party
Plaintiff–Appellant,**

v.

**BUILDING SERVICE & REPAIR, INC.,
Third Party Defendant–Appellee.**

No. 87–3132.

United States Court of Appeals,
Fifth Circuit.

Jan. 7, 1988.

Peter L. Hilbert, New Orleans, La., for appellant.

James R. Sutterfield, James M. Walker, New Orleans, La., for appellee.

Before KING* and DAVIS,
Circuit Judges, and PARKER**, District Judge.

PER CURIAM:

I.

ODECO, Inc. appeals from the district court's determination that the Louisiana

---

* Formerly Carolyn Dineen Randall.

** District Judge of the Eastern District of Texas, sitting by designation.

Oilfield Indemnity Act (OIA), La.Rev.Stat. Ann. § 9:2780 (West 1987), applies to the master service agreement in effect between appellant, ODECO, Inc., and appellee, Building Service & Repair, Inc. (BSR). We agree with the district court that the OIA applies to the service contract and therefore precludes ODECO's claim for indemnity predicated on the contract.

In 1983, ODECO entered into a master service agreement with BSR governing future work that BSR might perform for ODECO. In early 1986, ODECO engaged BSR to renovate portable living quarters located on ODECO's stationary production platform located in South Pelto Block 12, Gulf of Mexico, off the Louisiana coast.

Plaintiff, Vernon J. Copous, Sr., was employed as a carpenter for BSR. Copous alleged that he was replacing ceiling tile in the living quarters on the platform when the ladder from which he was working fell and he was injured. Copous sued ODECO for damages and ODECO sought indemnification from BSR under the terms of the master service agreement. BSR moved for summary judgment and for dismissal of ODECO's third party demand on grounds that the OIA rendered the indemnity provisions of the master service agreement unenforceable and thus precluded ODECO's indemnity claim. The district court granted BSR's motion and this appeal followed.

## II.

The only question presented by this appeal is whether the OIA applies to the master service agreement containing the indemnity provisions upon which ODECO relies. Louisiana Rev.Stat. § 9:2780(B) renders unenforceable certain indemnity provisions in agreements pertaining to exploration for and production of oil and gas. Section 9:2780(C) defines "agreement" in part as follows:

> The term "agreement" as it pertains to a well ... as used in this section, means any agreement ... concerning any operations *related* to the ... production ... including but not limited to ... *repairing, and improving* ... or otherwise rendering services in or in connection with

any well ... *constructing, improving, or otherwise rendering services* in connection with any ... *structure* intended any portion of such work *or services or any act collateral thereto*. ... *Id.*

ODECO argues that § 9:2780(C) does not encompass an agreement for renovation of living quarters on a production platform. According to ODECO, the connection between the contract to renovate the living quarters on the platform and the production of oil is too tenuous to merit application of the OIA.

In support of this argument, ODECO relies on a Texas Court of Appeals decision interpreting a Texas statute. In *Transworld Drilling Co. v. Levingston Shipbuilding Co.*, 693 S.W.2d 19 (Tex.Ct.App. 1985). Transworld contracted with Levingston for repair and alteration of an offshore drilling rig owned by Transworld and located in Levingston's shipyard. A workman was injured while installing a replacement crane on the rig and sued Levingston Shipbuilding. Levingston brought a declaratory judgment action against Transworld seeking a determination that Transworld was required to defend Levingston under the terms of the service contract. The Texas court held that the Texas statute was not intended to cover "a contract for the repair of an offshore drilling rig where there is absolutely no connection with the drilling of a well." *Id.* at 23.

Despite the similar language in the Texas and Louisiana statutes, the decisions of the Texas courts on the Texas statute are at best persuasive authority. In any event, we need not decide whether a contract to repair drilling equipment in a shipyard, a location remote from the drilling site, is within the scope of the Louisiana OIA.

At least one Louisiana court has indicated that the "related to" language of § 9:2780(C) of the Louisiana act should be broadly construed. In *Livings v. Service Truck Lines of Texas, Inc.*, 467 So.2d 595 (La.Ct. App. 1985), the plaintiff was injured while testing drill pipe. De-

fendants argued that the OIA was not applicable because plaintiff's employer failed to prove that the pipe on which plaintiff was working when injured was intended for a use designated in the OIA. The Louisiana Court of Appeal rejected this argument:

> [Defendants] argue that since the pipe being tested was not then designated for the drilling of a specific well but would be classified as inventory pipe that the Act does not apply.... The Court is of the opinion that this is too narrow a reading of the Act.... One of the components of drilling is drill pipe and it is certainly prudent to have this pipe tested and ready ahead of time when needed. [One defendant] is also in the business of storing and transporting drill pipe, an operation related to the "exploration, development, production, or transportation of oil, gas or water." The Court is of the opinion that the language of Paragraph (C) of the Statute is broad enough to cover the activities in the instant case, and that the statute must be interpreted broadly and not narrowly since it was the intent of the legislature to declare null and void and against public policy any provision in any agreement which requires defense and/or indemnification in oil-related contract activity.

*Id.* at 598–99.

In *Knapp v. Chevron, USA, Inc.,* 781 F.2d 1123 (5th Cir.1986), we held that the OIA applied to a contract to sandblast and paint a stationary platform. Similarly, in *Nesom v. Chevron, U.S.A., Inc.,* 633 F.Supp. 55, 60 (E.D.La.1984), the district court rejected Chevron's argument that the OIA did not bar its claim for indemnification when the plaintiff was injured while sandblasting a drilling platform. The district court found that in drafting the OIA the Louisiana legislature "employed language designed to give it the broadest possible meaning. A touch of common sense likewise dictates that in a fixed well operation there could be no drilling operation without the platform. Thus, the platform structure must be considered an integral part of the 'well.' " *Id.*

The summary judgment evidence reveals that ODECO's platform is designed and operated as a manned platform. For personnel to serve aboard the platform, living quarters are necessary. Because the living quarters were essential to operation of the manned platform, we agree with the district court that a contract to renovate those living quarters is "related" to the production of oil and gas and within the scope of the OIA; accordingly, the OIA bars ODECO's indemnity claim. This conclusion is consistent with the plain words of the Act and the broad interpretation given the Act by the Louisiana courts and by this court.

AFFIRMED.