546 So.2d 306 (1989)
Peter Wayne FUSELIER, Plaintiff,
v.
AMOCO PRODUCTION COMPANY, et al., Defendants-Third Party Plaintiffs-Appellants,
Meier Contractors, Inc. and Aetna Casualty and Surety Company, Third Party Defendants-Appellees.
No. 88-281.
Court of Appeal of Louisiana, Third Circuit.
June 28, 1989.
Preston N. Aucoin, Gilbert W. Aucoin, Ville Platte, for plaintiff-appellee.
Jones, Walker, Waechter, Poitevent, Carrere & Denegre, John J. Weigel, New Orleans, for defendants-appellants.
Raggio, Cappel, Chozen & Berniard, Charles J. Fulda, IV, Lake Charles, for intervenor-appellee.
Roy, Carmouche, Bivins, Judice, Henke & Breaud, Patrick M. Wartelle, Lafayette, for defendant-appellee.
Before DOMENGEAUX, LABORDE and KING, JJ.
DOMENGEAUX, Judge.
Plaintiff, Peter Wayne Fuselier, an employee of Meier Contractors, Inc., instituted suit against Amoco Production Company and two Amoco employees seeking damages for personal injuries allegedly caused by the negligence of Amoco and its employees. Plaintiff was injured while bush-hogging *307 at an Amoco production site in Evangeline Parish.
Amoco filed a third party demand against Meier and its insurer, Aetna Casualty and Surety Company, seeking indemnity and/or defense pursuant to a master service contract then in effect between Amoco and Meier. In response to the third party demand, Meier filed a motion for summary judgment alleging that the indemnity provision in the master service contract is unenforceable under Louisiana's oilfield indemnity statute, La.R.S. 9:2780. Meier moved alternatively for partial summary judgment dismissing all of Amoco's claims except a claim for attorney's fees and cost of defense should Amoco be absolved of liability after trial on the merits. Meier's motion for partial summary judgment was granted by the trial court, and Amoco appeals. We affirm.
La.R.S. 9:2780 renders certain indemnity agreements invalid. Essentially, the Legislature voided any provision in any oil and gas agreement which requires defense and/or indemnity for personal injuries which are determined to have occurred through the fault or negligence of the indemnitee.
Amoco and Meier entered into a master service agreement on December 1, 1969, pursuant to which Meier was to provide various services in conjunction with Amoco's production facility at Pine Prairie, Louisiana. The contract provided that Meier would defend and indemnify Amoco against any claims arising from the work performed by Meier under the contract.
On July 21, 1986, Meier, pursuant to the master service contract, sent Fuselier to the Amoco production facility to perform grass cutting operations. While operating a bush-hog and tractor, Fuselier fractured a pipe which served as a conduit between an oil storage tank and a heater-treater. (The storage tank is used to store natural crude product which comes from a nearby well, and the heater-treater is a device which separates the oil and water from the natural crude product.) An explosion occurred and Fuselier was severely burned.
Amoco contends that the Oilfield Anti-Indemnity Act should not apply to invalidate Meier's duty to defend and indemnify because the services provided by Meier's employee at the time of the accident were not related to "the exploration, development, production or transportation of oil, gas, or water." La.R.S. 9:2780(C). This argument is without merit. Fuselier's bush-hogging activities constitute general upkeep of the grounds of the production facility which is a necessary part of production. A production facility could not function properly if it was overgrown with weeds, bushes, and shrubbery.
The focus of the Anti-Indemnity Act is on the contractual relationship between the oil company/producer and the contractor. The Act does not differentiate between the types of services that are provided by a contractor, as long as the contract itself relates to the exploration, development, production or transportation of oil, gas, or water. The contract at issue herein was an agreement to provide oilfield maintenance work. Unquestionably, oilfield maintenance work encompasses bush-hogging operations at a production facility and is related to the development and production of oil and gas.
While bush-hogging as an isolated activity is clearly not a production-related activity, it is necessarily related when part of oilfield maintenance work and performed at a production site. This situation is factually similar to the recent United States Fifth Circuit case, Copous v. ODECO Oil & Gas Company, 835 F.2d 115 (5th Cir.1988). The Copous plaintiff was injured while replacing ceiling tiles in the living quarters of a production platform. The Fifth Circuit correctly found that the plaintiff's activities were related to the production of oil and gas "because the living quarters were essential to operation of the manned platform." 835 F.2d at 117. Similarly, routine grass cutting is an essential part of the operation of a production facility, and is therefore related to the production of oil and gas. The Anti-Indemnity Act applies in both instances.
*308 This Court had occasion to construe Louisiana's anti-indemnity statute in Livings v. Service Truck Lines of Texas, Inc., 467 So.2d 595 (La.App.3rd Cir.1985). We determined that the Act barred an indemnity provision in a certain master service contract, even though the services rendered under the contract were not performed at a well site and were not even related to one particular oil and gas operation. The purpose of this holding is clear. Section 9:2780 focuses on the master service contract as it relates to oil and gas production and development, not on the nature of the services rendered. We conclude, therefore, that Section 9:2780 nullifies that part of the Amoco-Meier contract which provides for defense and indemnity in favor of Amoco where Amoco is determined to be at fault.
We note, however, that this holding does not affect the cause of action that Amoco may have against Meier for attorney's fees and cost of defense in the event that Amoco is found to be free from fault in causing Mr. Fuselier's injuries. The Louisiana Supreme Court, in Meloy v. Conoco, Inc., 504 So.2d 833 (La.1987), in response to a certified question from the United States Fifth Circuit Court of Appeals, acknowledged the validity of a contractual provision which allows for indemnification in favor of the producer if and when the producer is found to be free from fault.
We conclude, therefore, that the trial judge properly granted Meier's motion for partial summary judgment dismissing Aetna's Third Party Demand save and except for a claim for attorney's fees and cost of defense only in the event that Amoco is absolved of liability in the main demand.
For the above and foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.