**Robert Earl MELOY, et al., Plaintiffs,**

**v.**

**CONOCO, INC., Defendant-Third Party Plaintiff-Appellant,**

**v.**

**OILFIELD SERVICES of CAMERON, INC., Third Party Defendant-Appellee.**

No. 84–4718.

United States Court of Appeals, Fifth Circuit.

March 24, 1986.

Jones, Tete, Nolen, Hanchey, Swift & Spears, Gregory P. Massey, Lake Charles, La., for defendant-third party plaintiff-appellant.

Before RUBIN and REAVLEY, Circuit Judges, and DUPLANTIER\*, District Judge.

### DUPLANTIER, District Judge:

This appeal presents two issues related to the Louisiana Oilfield Indemnity Act, one of which is controlled by a recent Fifth Circuit opinion; the other appears to be *res nova*.

Plaintiff Robert Meloy and his wife sued Conoco, Inc., for damages they allegedly sustained as a result of Meloy's accident in June 1983 on Conoco's production platform off the Louisiana coast, asserting jurisdiction based on the Outer Continental Shelf Lands Act (OCSLA), 43 U.S.C. § 1333(b). Conoco filed a third-party demand against Oilfield Services of Cameron, Inc. (OSI), Meloy's employer, seeking defense and indemnity pursuant to an agreement between Conoco and OSI's predecessor company.[1]

On the basis that the Louisiana Oilfield Indemnity Act of 1981 (the act), La.Rev. Stat.Ann § 9:2780,[2] barred Conoco's claim, the district court granted OSI's motion for summary judgment and entered judgment dismissing OSI with prejudice pursuant to

---

\* District Judge of the Eastern District of Louisiana, sitting by designation.

1. The pertinent part of the agreement is as follows:

"B. Contractor agrees to indemnify and hold harmless Company, and any or all co-lessees or co-owners of Company who wholly or partially bear the cost of operations hereunder, or other Company Contractors to which Company owes an indemnification and any or all agents, directors, officers, employees, or servants of Company or of such co-lessees or co-owners, or other such Company Contractors, against any and all claims, demands, or suits (including, but not limited to, claims, demands, or suits, for bodily injury, illness, disease, death, or loss of services, property or wages) which may be brought against Company or against Company and such co-lessees or co-owners, or other such Company Contractor, whether one or more, or in which any and all such agents, directors, officers, employees, or servants of Company or of such co-lessees, co-owners or other such Company Contractors, as the case may be, are named party defendant or parties defendant, as the case may be, by any employee of Contractor, his subcontractor, or the legal representative or successor of such employee, in any way arising out of or incident to the work to be performed under this contract, irrespective of whether such suits are based on the relationship of master and servant, third party, or otherwise, and even though occasioned, brought about, or caused in whole or in part by the negligence of Company, and/or its co-lessees or co-owners and/or other Company Contractors, their agents, directors, officers, employees, or servants, or by the unseaworthiness of vessels or craft, or by conditions, acts or omissions (whether or not in whole or in part the responsibility of or occasioned by negligence or fault of Company and/or co-lessees and/or co-owners or other Company Contractor, their agents, directors, officers, employees or servants) which impos-

es strict liability provided, however, that such indemnification shall only apply to the extent permitted by applicable law. Contractor further agrees to have any such claim, demand, or suit investigated, handled, responded to and defended at no cost to Company, its co-lessees, co-owners and/or other Company Contractors, even if such claim, demand, or suit is groundless, false or fraudulent."

2. The pertinent part of La.Rev.Stat.Ann. § 9:2780 is as follows:

A. The legislature finds that an inequity is foisted on certain contractors and their employees by the defense or indemnity provisions, either or both, contained in some agreements pertaining to wells for oil, gas, or water, or drilling for minerals which occur in a solid, liquid, gaseous, or other state, to the extent those provisions apply to death or bodily injury to persons. It is the intent of the legislature by this Section to declare null and void and against public policy of the state of Louisiana any provision in any agreement which requires defense and/or indemnification, for death or bodily injury to persons, where there is negligence or fault (strict liability) on the part of the indemnitee, or an agent or employee of the indemnitee, or an independent contractor who is directly responsible to the indemnitee.

B. Any provision contained in, collateral to, or affecting an agreement pertaining to a well for oil, gas, or water, or drilling for minerals which occur in a solid, liquid, gaseous, or other state, is void and unenforceable to the extent that it purports to or does provide for defense or indemnity, or either, to the indemnitee against loss or liability for damages arising out of or resulting from death or bodily injury to persons, which is caused by or results from the sole or concurrent negligence or fault (strict liability) of the indemnitee, or an agent, employee, or an independent contractor who is directly responsible to the indemnitee.

Rule 54(b), Federal Rules of Civil Procedure. Conoco appeals; we affirm.

Because the accident occurred on the Outer Continental Shelf off the Louisiana coast, Louisiana law controls. 43 U.S.C. § 1333(a)(2); *Rodrigue v. Aetna Casualty & Surety Co.*, 395 U.S. 352, 89 S.Ct. 1835, 23 L.Ed.2d 360 (1969).

Conoco contends that summary judgment is unavailable to defeat its claim for cost of defense: if after trial on the merits Conoco is found to be free of negligence or fault, the anti-indemnity statute would not apply, the indemnity agreement would be valid, and OSI would owe Conoco cost of defense. Suffice it to say that this precise argument was rejected in *Knapp v. Chevron*, 781 F.2d 1123 (5th Cir.1986), followed in *Doucet v. Gulf Oil Corp.*, 783 F.2d 518 (5th Cir.1986).

The unsettled issue raised by Conoco merits discussion. Conoco contends that the act does not address, and therefore does not affect, an indemnity agreement to the extent that the agreement purports to indemnify the indemnitee (in this case, Conoco) for the negligence of the indemnitor (OSI) in causing injury to one of its own employees (plaintiff). Thus if both Conoco and OSI are found to be negligent or at fault (strict liability) for plaintiff's injuries, Conoco contends that although OSI is shielded from a direct claim by its employee, plaintiff, Conoco would nevertheless be entitled to indemnity for the percentage of OSI's negligence or fault.

The short answer to this claim by Conoco is that plaintiff's complaint charges negligence only against Conoco, not O.S.I.; under *Knapp, supra,* the pleadings control obligations under an indemnity agreement. *Knapp* rejected the notion that indemnity agreements should be subject to post-trial evaluation.

Even if the Louisiana Supreme Court should hold that *Knapp* was incorrectly decided, we disagree with Conoco's interpretation of the act. As it is used in the statute, the phrase "to the extent" does not modify the terms "negligence or fault (strict liability) of the indemnitee." The phrase "to the extent" limits the statute's nullifying effect to those portions of an oilfield service contract relating to indemnity for an indemnitee's own negligence or fault. Such contracts contain many provisions; the statute nullifies only the portion which seeks to impose an obligation to indemnify in circumstances in which the indemnitee is negligent or at fault. "To the extent" that such a contract imposes such an indemnity obligation, the act nullifies the entire indemnity provision; "to the extent" that any such contract deals with matters other than indemnity, the act does not void those parts of the contract.

Significantly, the statute refers to nullification of indemnity provisions that indemnify the indemnitee for its "sole or *concurrent* negligence or fault." (Emphasis added.) If the statute was intended to invalidate an indemnity agreement only insofar as it would apply to the percentage of the indemnitee's own negligence, the word "concurrent" would have no meaning. The words of a statute must be read together as a whole to give the statute meaning, "so that no clause, sentence, or word, shall be superfluous, or meaningless, if that result can be avoided." *CHF Finance Co. v. Jochum*, 241 La. 155, 127 So.2d 534, 537 (1961); *Bunch v. Town of St. Francisville*, 446 So.2d 1357, 1360 (La.App. 1st Cir.1984).

The judgment dismissing the third party complaint of Conoco against OSI is affirmed.