Robert Earl MELOY, et al., Plaintiffs,

v.

CONOCO, INC., Defendant-Third Party
Plaintiff-Appellant,

v.

OILFIELD SERVICES OF CAMERON,
INC., Third Party Defendant-Appellee.

No. 84–4718.

United States Court of Appeals,
Fifth Circuit.

June 3, 1986.

Questions Certified July 18, 1986.*

Jones, Tete, Nolen, Hanchey, Swift &
Spears, Gregory P. Massey, Lake Charles,
La., for Conoco, Inc.

George B. Jurgens, III, New Orleans,
La., for Chevron, amicus curiae.

No appearance for Oilfield Service of
Cameron, Inc.

Before RUBIN and REAVLEY, Circuit
Judges, and DUPLANTIER,** District
Judge.

## ON PETITION FOR REHEARING AND SUGGESTION FOR REHEARING EN BANC

PER CURIAM:

After receiving the application for rehearing and supplemental briefs in response to the questions proposed by the court, concerning whether the controlling questions of Louisiana law should be certified to the Louisiana Supreme Court, the court has decided to withdraw its opinion.[1]

The court believes that the questions to be certified might be phrased as follows:

1. Under Louisiana law, is an indemnitor's obligation to defend a suit against the indemnitee for personal injuries sustained determined entirely by the allegations of the complaint against the indemnitee? That is, if the petition against the indemnitee alleges only the fault of the indemnitee, does the indemnitor have a duty to defend?

2. If the indemnitor does not have a duty to defend the suit, but if, after trial on the merits, the injury is found to have resulted in whole from the fault of the indemnitor and judgment is rendered against the plaintiff, is the indemnitee entitled to recover the costs of defense (assuming the indemnity agreement is interpreted to include costs of defense)?

3. Under the Louisiana Oilfield Indemnity Act of 1981, La.Rev.Stat.Ann. § 9:2780, is an indemnity agreement covered by the Act nullified only to the extent that the agreement requires the indemnitor to indemnify the indemnitee for damages attributable to the indemnitee's fault? That is, is the contract valid if it provides for indemnity to the extent of the comparative fault of the indemnitor?

The answers to these questions appear to be determinative of the issues in this case. We, therefore, propose to defer decision on them and certify them to the Louisiana Supreme Court, disclaiming any intention or desire that the Supreme Court of the State of Louisiana confine its reply to the precise form or scope of the questions certified.

We direct counsel for the parties to confer as soon as practical and, within 15 days, to submit to this court a proposed agreed statement of the case and an agreed phrasing of the questions to be certified.[2] If the parties are unable to agree on either the statement of the case or the questions to be certified, the appellant will prepare a proposed statement of each, within 15 days, and, within seven days thereafter, the appellee will prepare and file its proposed objections to and suggested changes to the appellant's suggestions.

---

* See 794 F.2d 992.

** District Judge of the Eastern District of Louisiana, sitting by designation.

1. 784 F.2d 1320 (5th Cir.1986).

2. See West v. Caterpillar Tractor Company, Inc., 504 F.2d 967 (5th Cir.1974); Allen v. Estate of Carman, 446 F.2d 1276 (5th Cir.1971).

Opinion and judgment withdrawn—case to be certified to Louisiana Supreme Court.