Robert Earl **MELOY**, et al., Plaintiffs,

v.

**CONOCO, INC.,** Defendant-Third Party Plaintiff-Appellant,

v.

**Oilfield Services of Cameron, Inc.,** Third Party Defendant-Appellee.

No. 84–4718.

United States Court of Appeals, Fifth Circuit.

July 18, 1986.

Jones, Tete, Nolen, Hanchey, Swift & Spears, Gregory P. Massey, Lake Charles, La., for Conoco, Inc.

George B. Jurgens, III, New Orleans, La., amicus curiae Chevron.

Before RUBIN and REAVLEY, Circuit Judges, and DUPLANTIER,* District Judge.

## ON PETITION FOR REHEARING AND SUGGESTION FOR REHEARING EN BANC

PER CURIAM:

In response to the appellant's petition for rehearing we have withdrawn our panel opinion.[1] We now grant the petition for rehearing and, because the issues of Louisiana state law presented in this case are particularly appropriate for consideration by the Louisiana Supreme Court, certify questions to that court.

Robert Meloy, an employee of Oilfield Services of Cameron, Inc., was allegedly injured in June 1983 in an accident aboard Conoco's offshore production platform situated in the Gulf of Mexico more than three miles off the coast of Louisiana. Meloy

---

* District Judge of the Eastern District of Louisiana, sitting by designation.

1. *Meloy v. Conoco, Inc.,* 784 F.2d 1320 (5th Cir. 1986), *withdrawn,* 792 F.2d 56 (5th Cir.1986).

and his wife sued Conoco for damages in federal court asserting jurisdiction under the Outer Continental Shelf Lands Act, 43 U.S.C. § 1333(b). Conoco filed a third-party claim against Oilfield Services for defense and indemnity pursuant to an agreement that had previously been made between Conoco and Oilfield Services.

In March 1979, Conoco and Oilfield Services had entered into a blanket agreement containing a defense and indemnity provision that is reproduced in full in the footnote.[2] In May or June 1983, Conoco directed Oilfield Services to sandblast and paint its offshore production platform in accordance with the blanket agreement of March 1979. It was during the performance of this work that Meloy was injured.

Oilfield Services resisted Conoco's third-party demand on the ground that the Louisiana Oilfield Indemnity Act of 1981, La. Rev.Stat.Ann. § 9:2780, barred Conoco's claim for indemnity under the blanket agreement. The district court concluded that Louisiana law controlled and granted Oilfield Services' motion for summary judgment. Conoco appealed, and this panel affirmed.[3] In rejecting Conoco's claim for costs of defense, we held that under Louisi-ana law the indemnitor's obligation to defend is an issue that must be determined entirely by the allegations of the precipitating pleadings.[4] Because Meloy did not allege fault on the part of Oilfield Services, the indemnitor, there was no duty to defend. We also held that, even if Conoco were found free of fault after trial on the merits and the injury were found to have resulted in whole or in part from the fault of Oilfield Services, Conoco still would be unable to recover its cost of defense. We also rejected Conoco's interpretation of the Oilfield Indemnity Act as not affecting an indemnity agreement to the extent that it requires the indemnitor (Oilfield Services) to indemnify the indemnitee (Conoco) for damages resulting from the indemnitor's negligence or fault in causing injuries to an employee of the indemnitor (Meloy).

CERTIFICATE FROM THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT TO THE SUPREME COURT OF LOUISIANA, PURSUANT TO RULE XII, LOUISIANA SUPREME COURT RULES

TO THE SUPREME COURT OF LOUISIANA AND THE HONORABLE JUSTICES THEREOF:

---

2. Contractor agrees to indemnify and hold harmless Company, and any or all co-lessees or co-owners of Company who wholly or partially bear the cost of operations hereunder, or other Company Contractors to which Company owes an indemnification and any or all agents, directors, officers, employees or servants of Company or of such co-lessees, or co-owners, or other such Company Contractors, against any and all claims, demands, or suits (including, but not limited to, claims, demands, or suits, for bodily injury, illness, disease, death, or loss of services, property or wages) which may be brought against Company or against Company and such co-lessees or co-owners, or other such Company Contractor, whether one or more, or in which any and all such agents, directors, officers, employees, or servants of Company or of such co-lessees, co-owners or other such Company Contractors, as the case may be, are named party defendant or parties defendant, as the case may be, by any employee of Contractor, his subcontractor, or the legal representative or successor of such employee, in any way arising out of or incident to the work to be performed under this contract, irrespective of whether such suits are based on the relationship of master and servant, third party, or otherwise, and even though occasioned, brought about, or caused in whole or in part by the negligence of Company, and/or its co-lessees or co-owners and/or other Company Contractors, their agents, directors, officers, employees, or servants, or by the unseaworthiness of vessel or craft, or by conditions, acts or omissions (whether or not in whole or in part the responsibility of or occasioned by negligence or fault of Company and/or co-lessees and/or co-owners or other Company Contractor, their agents, directors, officers, employees or servants) which imposes strict liability provided, however, that such indemnification shall only apply to the extent permitted by applicable law. Contractor further agrees to have any such claim, demand, or suit investigated, handled, responded to and defended at no cost to Company, its co-lessees, co-owners and/or other Company Contractors, even if such claim, demand, or suit is groundless, false or fraudulent.

3. 784 F.2d 1320 (5th Cir.1986).

4. *See Knapp v. Chevron*, 781 F.2d 1123 (5th Cir.1986); *Sullen v. Missouri Pacific R. Co.*, 750 F.2d 428 (5th Cir.1985).

**994**

## I. STYLE OF THE CASE

The style of the case in which certification is made is *Robert Earl Meloy, et al., Plaintiffs, versus Conoco, Inc., Defendant-Third Party Plaintiff-Appellant, versus Oilfield Services of Cameron, Inc., Third Party Defendant-Appellee.* Case No. 84–4718, United States Court of Appeals for the Fifth Circuit, on appeal from the United States District Court for the Western District of Louisiana.

## II. QUESTIONS CERTIFIED TO THE SUPREME COURT OF LOUISIANA

The following questions of law are hereby certified to the Supreme Court of Louisiana for instructions based upon the facts recited herein:

(1) Under Louisiana law, is an indemnitor's obligation to defend a suit against the indemnitee for personal injuries sustained by an employee of the indemnitor determined entirely by the allegations of the complaint against the indemnitee? That is, if the petition against the indemnitee alleges only that the indemnitee was at fault, does the indemnitor have a duty to defend (assuming the indemnity agreement is interpreted to include costs of defense)?

(2) If the indemnitor does not have a duty to defend the suit, but if, after trial on the merits, the indemnitee is found free from fault and the injury is found to have resulted in whole or in part from the fault of the indemnitor, is the indemnitee entitled to recover its cost of defense?

(3) If an indemnity agreement is covered by the Louisiana Oilfield Indemnity Act of 1981, La.Rev.Stat.Ann. § 9:2780, does the Act nullify completely an indemnity contract that obligates the indemnitor to indemnify the indemnitee regardless of which party is at fault? Or is the agreement valid to the extent it requires indemnification for damages attributable to the comparative fault of the indemnitor?

This court also certifies to the Louisiana Supreme Court that its answer to these questions will be determinative in this case, resolving all issues between the parties.

The record in this case, together with the copies of the parties' briefs, is transmitted herewith.

QUESTIONS CERTIFIED.