**Stephen BABINEAUX, Plaintiff,**

v.

**McBROOM RIG BUILDING SERVICE, INC. and North River Insurance Company, Intervenors-Appellees,**

v.

**READING & BATES DRILLING COMPANY, Defendant-Appellant.**

No. 85–4886.

United States Court of Appeals, Fifth Circuit.

Feb. 23, 1987.

Cliffe E. Laborde, III, Dean Anderson Cole, LaBorde & LaFargue, Lafayette, La., for defendant-appellant.

James Huey Gibson, Arthur I. Robison, Allen, Gooch, Bourgeois, Breaux & Robison, Lafayette, La., for No. River Ins. Co. & McBroom.

Before GARZA, DAVIS and JONES, Circuit Judges.

## ON PETITION FOR REHEARING

PER CURIAM:

We affirmed the district court's determination in this case that the Louisiana Oilfield Indemnity Act (Anti-indemnity Act) barred Reading & Bates' claim for indemnity.

Reading & Bates now argues in its petition for rehearing that the Anti-indemnity Act has only limited application. Reading & Bates argues that the Act does not affect the indemnity agreement to the extent that it requires McBroom to indemnify Reading & Bates for McBroom's own negligence in injuring a McBroom employee. This argument is based on subsection B of the Anti-indemnity Act which provides:

> B. Any provision contained in, collateral to, or affecting an agreement pertaining to a well for oil, gas, or water, or drilling for minerals which occur in a solid, liquid, gaseous, or other state, is void and unenforceable *to the extent that* it purports to or does provide for defense or indemnity, or either, to the indemnitee against loss or liability for damages arising out of or resulting from death or bodily injury to persons, which is caused by or results from the sole or concurrent negligence or fault (strict liability) of the indemnitee, or an agent, employee, or an

---

independent contractor who is directly responsible to the indemnitee.

La.Rev.Stat.Ann. § 9:2780 (West 1986) (emphasis added). As Reading & Bates interprets the Act it only invalidates agreements "to the extent that" they indemnify the indemnitee against loss caused by the indemnitee's negligence; the Act would not apply to loss caused by the indemnitor's negligence. Reading & Bates therefore seeks indemnity for at least that part of the loss caused by McBroom's own negligence.

This precise argument was addressed and rejected in *Meloy v. Conoco,* 784 F.2d 1320 (5th Cir.1986). On application for rehearing in *Meloy,* however, we vacated the opinion and certified the question to the Louisiana Supreme Court along with two other related questions concerning the Act. *Meloy v. Conoco,* 792 F.2d 56 (5th Cir. 1986). The Louisiana Supreme Court accepted certification of this question but has not yet decided the issue.

In light of the acceptance by the Louisiana Supreme Court of our certification of this question we believe it is prudent for us to withhold issuance of the mandate until the Louisiana Supreme Court renders its decision. The clerk is therefore instructed to hold the mandate in this case pending receipt of the decision by the Louisiana Supreme Court in *Meloy.*