BARRY, Judge.
Conoco, Inc. appeals a summary judgment in favor of Pressure Services, Inc. [PSI]. Conoco’s appeal is based on its cross-claim against PSI for indemnity and costs to defend against the claim.
Stanley Clement, an employee of PSI, claimed seaman status under the Jones Act and general maritime law for personal injuries he sustained when the M/V Southern Cross, owned by Cross Marine, Inc. and chartered by Conoco, capsized and sank. Clement was going to a fixed Conoco platform for general workover operations. He sued PSI, Cross Marine and Conoco alleging unseaworthiness of the vessel and negligence of the defendants.
Conoco’s cross-claim seeks indemnification and defense costs pursuant to a Charter Party Agreement with Cross Marine and a Blanket Contract with PSI. Conoco asked for costs of defending the claim from both cross-claim defendants if it is not found liable.
PSI intervened to be paid by preference for compensation and medical expenses it paid to Clement under the Longshore and Harbor Workers’ Compensation Act [LHWCA] (33 U.S.C. § 901 et seq.). PSI’s motions for summary judgment[1] on Clement’s petition and Conoco’s cross-claim were granted.
Conoco specifies as error: (1) the conclusion that the blanket contract was not subject to federal maritime law; (2) dismissal of Conoco’s claim for indemnity which, even under Louisiana law, should be allowed at least for recovery of costs if Cono-co is free from fault.
The trial court found that Clement was not a crew member of the Southern Cross IV and not a Jones Act seaman. The court noted that Clement’s duties on the vessel were ancillary to his employment by PSI (as a snubbing helper) and he did not show any permanent attachment to the vessel.
The trial court concluded the blanket contract between Conoco and PSI was not maritime in nature, it dealt with services to be performed on a fixed platform and was covered by La.R.S. 9:2780, the Louisiana Oilfield Indemnity Act [the Act] which does not permit indemnification.
In support of its motion for summary judgment PSI presented its open-ended Blanket Subcontractor’s Agreement with Conoco dated March 26, 1980 and continuing until either party gives written cancellation notice. Paragraph V (B) provides:
Contractor agrees to indemnify and hold harmless Company, and any or all co-lessees or co-owners of Company who whol *1340 ly or partially bear the cost of operations hereunder, or other Company Contractors to which Company owes an indemnification, and any or all agents, directors, officers, employees, or servants of Company or of such co-lessees or co-owners, or other such Company Contractors, against any and all claims, demands, or suits (including, but not limited to, claims, demands, or suits, for bodily injury, illness, disease, death, or loss of services, property or wages) which may be brought against Company or against Company and such co-lessees or co-owners, or other such Company Contractor, whether one or more, or in which any and all such agents, directors, officers, employees, or servants of Company or of such co-lessees, co-owners, or other such Company Contractors, as the case may be, are named party defendant or parties defendant, as the case may be, by any employee of Contractor, his subcontractor, or the legal representative or successor of such employee, in any way arising out of or incident to the work to be performed under this contract, irrespective of whether such suits are based on the relationship of master and servant, third party, or otherwise, and even though occasioned, brought about, or caused in whole or in part by the negligence of Company, and/or its co-lessees or co-owners, and/or other Company Contractors, their agents, directors, officers, employees, or servants, or the unseaworthiness of vessels or craft, or by conditions, acts or omissions (whether or not in whole or in part the responsibility of or occasioned by negligence or fault of Company and/or co-lessees and/or co-owners or other Company Contractor, their agents, directors, officers, employees or servants) which impose strict liability provided, however, that such indemnification shall only apply to the extent permitted by applicable law. Contractor further agrees to have any such claim, demand, or suit investigated, handled, responded to and defended at no cost to Company, its co-lessees, co-owners and/or other Company Contractors, even if such claim, demand, or suit is groundless, false or fraudulent.
PSI submitted its December 18, 1985 letter for a specific workover job which states that PSI submits a quote on the “upcoming work at the above referenced location.” The attachments included two pages, the first listed the component parts of PSI's double hydraulic workover unit, its cost per day (whited out), the cost of the standby with crew (whited out), and further provided:
Transportation charges to be passed thru to Conoco at ICC rates.
The second page listed 11” Bop Stack w/2” handling tools and the total daily cost for the equipment (whited out).
PSI also submitted the sworn affidavit of Jack Smith, Risk Manager of PSI, which states that Clement was a snubbing helper on January 29, 1986. Smith declared that PSI had contracted to perform work on a Conoco fixed platform in the Gulf of Mexico. He also stated that PSI’s insurer had paid and was continuing to pay compensation and medical expenses pursuant to LHWCA.
In its opposition Conoco refers to Clement’s deposition statement that he worked as a snubbing helper on a platform, but usually slept and ate on the boat.
Clement did not appeal the summary judgment in favor of PSI declaring he was not a seaman. That determination of seaman status involves one basis for the application of maritime law. The contractual relationship between PSI and Conoco is not governed by the same considerations. See Lefler v. Atlantic Richfield Co., Inc., 785 F.2d 1341 (5th Cir.1986).
Whether the contract is maritime is a separate consideration which would serve as an independent basis for application of federal maritime law. The interpretation of an indemnity clause in a maritime contract is governed by federal maritime law rather than state law. Corbitt v. Diamond M. Drilling Co., 654 F.2d 329 (5th Cir.1981). Only the summary judgment as to Conoco’s cross-claim for indemnity from PSI based on the contract is at issue.
*1341 The standard for summary judgment under Fed.R.C.P. 56(c) corresponds to the companion Louisiana article. A summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue of fact and that the mover is entitled to judgment as a matter of law. La.C.C.P. Art. 966; Champagne v. M/V Cover Station, 508 So.2d 881 (La.App. 5th Cir.1987).
A heavy burden of proof is on the mover to establish there is no genuine issue of material fact. A summary judgment should be denied when reasonable minds differ on whether it is appropriate. Cates v. Beauregard, 328 So.2d 367 (La.1976), cert. denied 429 U.S. 833, 97 S.Ct. 97, 50 L.Ed.2d 98 (1976). Any doubt should be resolved in favor of a trial on the merits. Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La.1980); Swindle v. Haughton Wood Co., Inc., 458 So.2d 992 (La.App. 2d Cir.1984). Reasonable inferences from subsidiary facts in supporting documents must be viewed in the light most favorable to the party opposing the motion. Duvalle v. Lake Kenilworth, Inc., 396 So.2d 1268 (La.1981).
Although the blanket contract between PSI and Conoco is a standard subcontractor agreement which does not appear to be maritime, the completed and signed January 29, 1986 contract for the particular workover is not in the record. The exact location of the platform in the Gulf was not given nor the method of transporting the PSI crew. PSI’s quote noted that transportation charges would be passed to Conoco.
Provisions relating to transportation by vessel are generally maritime in nature. Contracts which contain maritime and non-maritime elements are mixed; the separable maritime provisions are subject to federal maritime law. Laredo Offshore Constructors, Inc. v. Hunt Oil Company, 754 F.2d 1223 (5th Cir.1985); Hale v. Co-Mar Off Shore Corporation, 588 F.Supp. 1212 (W.D.La.1984). Whether a contract is maritime depends on the nature and character of the contract and whether it has reference to maritime service or maritime transactions. The line between the two is often difficult to draw. Theriot v. Bay Drilling Corporation, 783 F.2d 527 (5th Cir.1986).
Even if the agreement at issue is not maritime, summary judgment was not necessarily warranted. If the federal law pertaining to drilling platforms, the Outer Continental Shelf Lands Act (43 U.S.C. § 1331 et seq.), was appropriate the law of the adjacent state (Louisiana) was correctly applied. However, Louisiana law does not totally bar recovery by Conoco on the cross-claim.
The Louisiana Supreme Court recently declared the effect of the Act, La.R.S. 9:2780,[2] on such provisions for indemnity and defense costs in Meloy v. Conoco, Inc., 504 So.2d 833 (La.1987) pursuant to a Certificate from the United States Fifth Circuit Court of Appeals. 794 F.2d 992 (5th Cir.1986).
*1342 Meloy is highly relevant here because the same provision in Conoco’s standard blanket subcontractor’s agreement was at issue. The Supreme Court held that “La. R.S. 9:2780 nullifies completely any provision in any agreement that requires defense and/or indemnification where there is any negligence or fault on the part of the indemnitee.” (footnote omitted). 504 So. 2d at 839. Concluding that indemnity agreements between oilfield contractors are limited by La.R.S. 9:2780, the Court declared:
The Act only prohibits indemnity for cost of defense where there is ‘negligence or fault (strict liability) on the part of the indemnitee.’ The Act does not apply where the indemnitee is not negligent or at fault. An agreement providing for cost of defense in the event of a merit-less suit against the indemnitee is outside the scope of the Act. Accordingly, the indemnitor’s obligation for cost of defense cannot be determined until there has been a judicial finding that the in-demnitee is liable or that the charges against it were baseless. Whether an oil company (indemnitee) is free from fault and thus outside the scope of the Act can only be determined after trial on the merits. If it is established at trial that there is no ‘negligence or fault (strict liability) on the part of the indemnitee,’ the Act does not prohibit indemnification for cost of defense.
(footnote omitted) 504 So.2d at 839.[3]
Conoco’s argument that summary judgment is unavailable to defeat its claim for costs of defense was also considered by the Fifth Circuit in Meloy. 784 F.2d 1320 (5th Cir.1986). The original judgment discounting that contention and affirming the summary judgment dismissing Conoco's third-party claim against the contractor/employer for indemnity pursuant to the contractor’s agreement was recalled. 792 F.2d 56 (5th Cir.1986). On rehearing three questions relating to the Act’s effect upon indemnity and costs of defense provisions were certified to the Louisiana Supreme Court. 794 F.2d 992 (5th Cir.1986). Subsequent to the Court’s opinion, 504 So.2d 833 (La.1987), the Fifth Circuit reversed the summary judgment in favor of the contractor (in the same position as PSI here). 817 F.2d 275 (5th Cir.1987).
The Supreme Court and the last Fifth Circuit Meloy opinions were not rendered at the time PSI filed its motion for summary judgment and Conoco filed its opposition. Conoco noted the certification in Me-loy. Summary judgment was granted in this case the same month the Supreme Court rendered its opinion and prior to the final federal Meloy opinion.
There has been no determination of fault. If Conoco is free from fault, there would remain a genuine issue of material fact as to whether the contract would require PSI to pay the costs of defense. See Patterson v. Conoco, Inc., 670 F.Supp. 182 (W.D.La.1987).
In light of Meloy even if Louisiana law is applied, the summary judgment was improper and is hereby reversed. The matter is remanded for further proceedings.
REVERSED; REMANDED.

. The pleading as to Clement and Conoco was styled motion for summary judgment and exception of no right or cause of action, but the exception was not mentioned in the judgment. In its answer to the cross-claim PSI also filed an exception of no cause and/or right of action.

. La.R.S. 9:2780 provides in pertinent part:
A. The legislature finds that an inequity is foisted on certain contractors and their employees by the defense or indemnity provisions, either or both, contained in some agreements pertaining to wells for oil, gas, or water, or drilling for minerals which occur in a solid, liquid, gaseous, or other state, to the extent those provisions apply to death or bodily injury to persons. It is the intent of the legislature by this Section to declare null and void and against public policy of the state of Louisiana any provision in any agreement which requires defense and/or indemnification, for death or bodily injury to persons, where there is negligence or fault (strict liability) on the part of the indemnitee, or an agent or employee of the indemnitee, or an independent contractor who is directly responsible to the indemnitee.
B. Any provision contained in, collateral to, or affecting an agreement pertaining to a well for oil, gas, or water, or drilling for minerals which occur in a solid, liquid, gaseous, or other state, is void and unenforceable to the extent that it purports to or does provide for defense or indemnity, or either, to the indemnitee against loss or liability for damages arising out of or resulting from death or bodily injury to persons, which is caused by or results from the sole or concurrent negligence or fault (strict liability) of the indemni-tee, or an agent, employee, or an independent contractor who is directly responsible to the indemnitee.

. In its judgment to answer the second certified question, the Supreme Court declared:
2. After trial on the merits, if the indemni-tee is found free from fault, the Act does not prohibit the indemnitee from recovering its cost of defense. Whether the injury is found to have resulted in whole or in part from the fault of the indemnitor does not affect the indemnitee’s right to recover its cost of defense provided it is free from fault.