665 So.2d 76 (1995)
Dale Allen BURNS
v.
McDERMOTT, INCORPORATED and ABC Insurance Company.
No. 95 CA 0195.
Court of Appeal of Louisiana, First Circuit.
November 9, 1995.
*77 Joshua A. Tilton, C. Arlene Braud, II, Mandeville, for Plaintiff-Appellee, Dale Allen Burns.
J. Daniel Picou, Morgan J. Wells, Metairie, for Appellees SGB Construction Services, Inc. and CGL Underwriters.
Frank X. Neuner, Jr., James D. Hollier, Lafayette, for Defendant-Appellant, McDermott Inc.
Before CARTER and PITCHER, JJ., and CRAIN[1], J. Pro Tem.
HILLARY J. CRAIN, Judge Pro Tem.
Dale Allen Burns filed suit against McDermott, Inc. ("McDermott") for damages arising out of injuries allegedly sustained while he was working at McDermott's job site. At the time of the accident, plaintiff was working as a scaffold builder for SGB Construction Services, Inc. ("SGB").
McDermott filed a third party demand against SGB and their comprehensive general liability insurer, Lloyd's Underwriters at London[2], hereinafter referred to as "CGL Underwriters," pursuant to a Blanket Subcontractor's Agreement between McDermott and SGB in which SGB agreed to defend and indemnify McDermott from any personal injury claims by SGB's employees.
McDermott filed a motion for summary judgment, requesting dismissal of plaintiff's claim on the basis of McDermott's status as statutory employer of plaintiff and seeking defense and indemnity against SGB and CGL Underwriters. SGB and CGL Underwriters filed a cross-motion for summary judgment, requesting the dismissal of McDermott's third party demand. Judgment was rendered, denying McDermott's motion for summary judgment. The district court granted the motion for summary judgment of SGB and CGL Underwriters and dismissed *78 McDermott's third party demand with prejudice.
The district court found that there was a factual dispute regarding McDermott's status as statutory employer so that plaintiff's claim could not be dismissed. The court also ruled that McDermott's third party demand regarding indemnification against personal injury claims caused by McDermott's negligence or fault was prohibited by La.R.S. 9:2780, the Louisiana Oilfield Anti-Indemnity Act. McDermott's alternative claim for defense costs and attorney's fees was also rejected by the district court. Two justifications were given for the denial of McDermott's alternative claim and the granting of SGB's and CGL Underwriter's motion for summary judgment. The court found that McDermott's claim was premature and that the Blanket Subcontractor's Agreement did not allow recovery of defense costs and attorney's fees.

ASSIGNMENTS OF ERROR
McDermott appeals the judgment of the district court[3] and makes the following assignments of error:
1. The trial court erred in dismissing McDermott's third party demand for attorney's fees and defense costs against SGB and CGL Underwriters based upon prematurity.
2. The trial court erred in holding that the Blanket Subcontractor's Agreement does not provide for McDermott's recovery of attorney's fees and defense costs.

ANALYSIS
The Louisiana Oilfield Indemnity Act, La. R.S. 9:2780, provides in pertinent part:
A. The legislature finds that an inequity is foisted on certain contractors and their employees by the defense or indemnity provisions, either or both, contained in some agreements pertaining to wells for oil, gas, or water, or drilling for minerals which occur in a solid, liquid, gaseous, or other state, to the extent those provisions apply to death or bodily injury to persons. It is the intent of the legislature by this Section to declare null and void and against public policy of the state of Louisiana any provision in any agreement which requires defense and/or indemnification, for death or bodily injury to persons, where there is negligence or fault (strict liability) on the part of the indemnitee, or an agent or employee of the indemnitee, or an independent contractor who is directly responsible to the indemnitee.
B. Any provision contained in, collateral to, or affecting an agreement pertaining to a well for oil, gas, or water, or drilling for minerals which occur in a solid, liquid, gaseous, or other state, is void and unenforceable to the extent that it purports to or does provide for defense or indemnity, or either, to the indemnitee against loss or liability for damages arising out of or resulting from death or bodily injury to persons, which is caused by or results from the sole or concurrent negligence or fault (strict liability) of the indemnitee, or an agent, employee, or an independent contractor who is directly responsible to the indemnitee.
Louisiana Revised Statute 9:2780 nullifies any provision in an oilfield agreement which requires defense and/or indemnification where there is indemnitee negligence or fault. It does not prohibit indemnity for costs of defense in situations where the indemnitee is not negligent or at fault. Meloy v. Conoco, Inc., 504 So.2d 833, 839 (La.1987); Daigle v. United States Fidelity and Guaranty Insurance Company, 610 So.2d 883, 887 (La.App. 1st Cir.1992).

Prematurity Of Third Party Demand For Indemnification of Defense Costs
The district court denied McDermott's motion for summary judgment and granted SGB's and CGL Underwriters' motion for summary judgment based on two findings. The court first found that McDermott's third party demand for indemnification of costs of *79 defense was premature citing Meloy for authority. The district court evidently concluded that because Meloy held that a claim for indemnification for defense costs does not arise until fault is determined, any claim made prior to a judicial determination of fault is premature and must be dismissed. We disagree with this interpretation.
We have previously interpreted Meloy to stand for the proposition that, although responsibility for defense costs in indemnity agreements is governed by the result rather than the allegations of the petition, there is no prohibition from asserting the claim for defense costs in a third party demand. Berninger v. Georgia-Pacific Corporation, 582 So.2d 266, 268-269 (La.App. 1st Cir.1991).
It is true that liability on the third party demand is contingent upon the result of the main demand, but this does not lead to the conclusion that such third party demands are prohibited.[4] The codal provision authorizing third party demands, La.C.C.P. art. 1111, refutes this inference. Article 1111 permits the defendant to bring into the suit "any person ... who is or may be liable to him." (Emphasis added.) The contingent nature of some third party demands is specifically recognized and authorized.

Blanket Subcontractor's Agreement
The second basis for the district court's denial of McDermott's motion for summary judgment and grant of SGB's and CGL Underwriters' motion for summary judgment was a finding that the Blanket Subcontractor's Agreement ("agreement") does not provide for McDermott's recovery of attorney's fees and defense costs. We disagree.
Attorney's fees cannot be recovered unless authorized by statute or provided for by contract. Maloney v. Oak Builders, Inc., 256 La. 85, 235 So.2d 386, 390 (1970); Tassin v. Golden Rule Insurance Company, 94-0362, p. 14 (La.App. 1st Cir. 12/22/94), 649 So.2d 1050, 1058. There is no statutory authority for an award of attorney's fees and defense costs to McDermott. Thus, we must look to the indemnity agreement.
The agreement contains the following relevant provisions:
VIII A. Subcontractor shall protect, defend, indemnify and hold harmless McDermott, its employees, officers and agents, against all claims, demands or causes of action by Subcontractor, Subcontractor's employees, officers or agents or their successors-in-interest for personal injury or death or property damage or destruction arising out of or in any way related to the performance by Subcontractor of any work covered hereby or by the failure of Subcontractor so to perform, howsoever such personal injury or death or property damage or destruction is caused, including the sole or concurrent fault or negligence of McDermott, its employees, officers or agents and/or the unseaworthiness of vessels which are owned, operated or chartered by McDermott regardless of whether said unseaworthiness pre-existed the execution of this Agreement.
. . . . .
I. Subcontractor shall be obligated to bear the expense of the investigations and defenses of all claims or demands or causes of action against which McDermott is indemnified herein, and all lawsuits and administrative proceedings arising therefrom, and to pay the full amounts of and bear all loss from any judgment or fine or penalty or other sanctions rendered against or imposed upon McDermott, its employees, officers or agents, when such lawsuits or proceedings are finally determined, it being stipulated that all obligations of indemnity assumed herein by either Subcontractor or McDermott shall survive even the termination of this Blanket Subcontractor's Agreement, regardless of how such termination be effected. (Emphasis added.)
While the indemnity agreement does not specifically refer to attorney's fees, it does provide that SGB "bear the expense of *80 the investigations and defenses of all claims or demands or causes of action." A reasonable and fair interpretation of "expense of defenses" includes attorney's fees as a component of the expense. Several cases inferentially include attorney's fees as part of the costs of defense, and we see no reason to distinguish "expense of defenses" from "costs of defense." See Lirette v. Union Texas Petroleum Corporation, 467 So.2d 29 (La. App. 1st Cir.1985) (contractor indemnified and agreed to protect, hold and save indemnitee harmless from and against all claims, demands and causes of action including the cost of defense thereof); Cannon v. Pennzoil Company, 520 So.2d 941 (La.App. 3rd Cir. 1987) (contractor agreed to indemnify, defend, protect, and hold harmless the indemnitee from any and all claims and costs including the costs of defense); Wilson V.J. Ray McDermott & Company, Inc., 616 F.Supp. 1301 (E.D.La.1985) (identical provision as presently before the court).[5]
Because the agreement provides for indemnification of defense expenses which we find to include attorney's fees, the district court erred in dismissing McDermott's third party demand.

SUMMARY JUDGMENT
Summary judgment should only be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, establish that there are no genuine issues of material fact, and that mover is entitled to judgment as a matter of law. La.C.C.P. art. 966. The mover has the burden of establishing that reasonable minds must inevitably conclude that on the facts before the court the mover is entitled to judgment as a matter of law. Sanders v. Posi-Seal International, 93-1007, pp. 3-4 (La.App. 1st Cir. 4/8/94), 635 So.2d 760, 762; Insley v. Titan Insurance Company, 589 So.2d 10, 13 (La.App. 1st Cir.1991). The applicable standard of review is a de novo review, using the same criteria used by the district court in deciding whether summary judgment should be granted. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342, 345 (La. 1991).
McDermott's entitlement to collect defense expenses rests on whether or not McDermott was negligent or at fault. McDermott's negligence or fault has not been determined. The existence of genuine issues of fact with regard to negligence or fault precludes the grant of SGB's and CGL Underwriters' motion for summary judgment and necessitates the denial of McDermott's motion for summary judgment on their alternative claim for defense costs and attorney's fees.

DECREE
For the foregoing reasons, the judgment of the district court granting SGB's and CGL Underwriters' motion for summary judgment is REVERSED. The court's denial of McDermott's alternative motion for summary judgment regarding defense costs and attorney's fees is AFFIRMED. Costs of this appeal are assessed one-half against appellant and one-half against appellees.
REVERSED IN PART, AFFIRMED IN PART.
NOTES
[1] Judge Hillary J. Crain, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] The suit was answered by Stephen John Downing, representative of Certain Underwriters at Lloyd's, London, and the following institute of London Underwriting Companies: Minster Insurance Company Limited, Ocean Marine Insurance Company Limited, Hansa Marine Insurance Company (UK) Limited, Vesta (UK) Insurance Company Limited, Commercial Union Assurance Company, PLC, Assicurazioni Generali S.P.A., Anglo American Insurance Company Limited and Nippon Insurance Company of Europe Limited.
[3] McDermott does not question the court's ruling regarding indemnification against a personal injury claim caused by their negligence or fault. McDermott also does not appeal the court's denial of their motion for summary judgment requesting the dismissal of plaintiff's claim.
[4] Accord Fuselier v. Amoco Production Company, 546 So.2d 306 (La.App. 3rd Cir.), writ denied, 551 So.2d 630 (La.1989); Clement v. Pressure Services, Inc., 526 So.2d 1338 (La.App. 4th Cir. 1988).
[5] Cf. Meloy v. Conoco, Inc., 504 So.2d 833 (La. 1987) and Clement v. Pressure Services, Inc., 526 So.2d 1338 (La.App. 4th Cir.1988). Both cases contain language that indemnitor agreed to have any claim, demand, or suit investigated, handled, responded to and defended at no cost to the indemnitee.