Judgment rendered November 20, 2024.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 55,962-CA
No. 55,969-CA
(Consolidated Cases)

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

GRAPHIC PACKAGING                          Plaintiff-Appellee
INTERNATIONAL, LLC

versus

ARCO NATIONAL                              Defendants-Appellants
CONSTRUCTION COMPANY,
LLC, ET AL.

* * * * *

Appealed from the
Fourth Judicial District Court for the
Parish of Ouachita, Louisiana
Trial Court No. 2020-1804

Honorable Clarence Wendell Manning, Judge

* * * * *

MAYER, SMITH & ROBERTS, LLP          Counsel for Defendant
By: Caldwell Roberts, Jr.             Appellant, ARCO
                                      National Construction
                                      Company, LLC

                                      Counsel for Defendant
                                      Appellees, VEREIT ID
                                      Monroe LA, LLC and
                                      EXEL Inc., d/b/a DHL
                                      Supply Chain (USA)

KEAN MILLER, LLP
By: Jeffrey Neal Boudreaux
    Thomas D. Bourgeois, Jr.
    Crystal DiBenedetto Burkhalter
    George Trippe Hawthorne

Counsel for Plaintiff, Appellee, Graphic Packaging International, LLC

LONG LAW FIRM, LLP
By: Joseph W. Clark
    Adrian G. Nadeau

Counsel for Defendant Appellee, Harris Architects, Inc.

DEUTSCH KERRIGAN, LLP
By: Kelly E. Theard

Counsel for Defendant Appellee, McNealy Engineering, Inc.

SIMON, PERAGINE, SMITH & REDFERN
By: Denise C. Puente

Counsel for Third Party Appellee, Vee-Jay Cement Contracting Company, Inc.

D'ARCY VICKNAIR, LLC
By: Adrian A. D'Arcy
    Anil Desa
    Ashley B. Robinson
    Andrew G. Vicknair

Counsel for Third Party Appellee, Murphy Brothers Trucking and Construction, LLC

GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH
By: John F. McCormick, III

Counsel for Third Party Appellee, Professional Services Industries, Inc.

WANEK KIRSCH DAVIES, LLC
By: Lindsay G. Faulkner
    Peter Joseph Wanek

Counsel for Third Party Appellee, IKON Construction, LLC

DAVENPORT, FILES & KELLY, LLP
By: W. David Hammett

Counsel for Third Party Appellee, BLW Place And Finish, LLC

* * * * *

Before PITMAN, STONE and ELLENDER, JJ.

**STONE, J.**

This consolidated civil appeal arises from the Fourth Judicial District Court, the Honorable C. Wendell Manning presiding. ARCO National Construction Company, LLC ("ARCO"), a defendant to the main demand, appeals the grant of exceptions of prematurity in favor of third-party defendants — IKON Construction, LLC ("IKON"), BLW Place and Finish, LLC ("BLW"), and later, Vee-Jay Cement Contracting Company, Inc. ("Vee-Jay") — dismissing without prejudice the third-party demands of ARCO. For the reasons stated herein, we reverse and remand.

## FACTS AND PROCEDURAL HISTORY

This suit arises out of a commercial construction project. The plaintiff, Graphic Packaging, International, LLC ("GPI") filed the underlying lawsuit for negligence and breach of contract against five defendants, including the appellant, ARCO.[1] GPI's petition alleges design and construction defects in the concrete work performed by ARCO's subcontractors, BLW, IKON, and Vee-Jay, which were not named as defendants in the main demand. GPI seeks damages for the alleged defects directly from ARCO.

ARCO filed an answer and third-party demands against five third-party defendants, including the appellees Ikon and BLW. ARCO then filed a supplemental third-party demand asserting contractual indemnity claims against Ikon and BLW. Subsequently, ARCO filed a second supplemental third-party demand adding appellee Vee-Jay as a third-party defendant and asserting a claim for contractual indemnification against

---

[1] The other defendants are VEREIT ID Monroe LA, LLC; Excel, Inc. d/b/a DHL Supply Chain; Harris Architects, Inc.; and McNealy Engineering, Inc.

Vee-Jay. BLW, Ikon, and Vee-Jay filed exceptions of prematurity to dismiss ARCO's third-party demands. The trial judge granted all three exceptions and dismissed the exceptors without prejudice. ARCO appeals the judgments granting those exceptions and dismissing the third-party demands without prejudice. ARCO appeals.

## DISCUSSION

This case presents purely a question of law: must a third-party demand for indemnity be dismissed for prematurity if the indemnitee is yet to be cast in judgment? Trial court decisions of questions of law are reviewed *de novo*. *Patterson v. Claiborne Operator Grp., L.L.C.*, 55,264 (La. App. 2 Cir. 11/15/23), 374 So. 3d 299.

In the background of this dispute is the risk that ARCO's contractual indemnity claims will be perempted if the trial court's dismissal of the third-party demands is affirmed. Aside from exceptions not relevant here, La. R.S. 9:2772(A) imposes a five-year peremptive period on all actions against building contractors that arise from construction projects, i.e., that:

> [arise] out of an engagement of planning, construction, design, or building immovable or movable property… against any person performing or furnishing the design, planning, supervision, inspection, or observation of construction or the construction of immovables, or improvement to immovable property, including but not limited to a residential building contractor as defined in R.S. 37:2150.1.

This peremption begins to run upon the owner's registry in the parish mortgage office of acceptance of the work, or six months after the owner begins occupancy or possession of the premises, whichever occurs first. La. R.S. 9:2772(A)(1)(a) and (b). However, La. R.S. 9:2772(A)(1)(c)

2

establishes a special allowance for filing incidental demands under certain circumstances.

La. C.C.P. art. 1111 establishes a defendant's procedural right to implead his indemnitors. It states: "The defendant in a principal action by petition may bring in any person…who is or *may* be liable to him for all or part of the principal demand." (Emphasis added.)[2] La. C.C.P. art. 1113 bars indemnity claims against indemnitors who: (1) were not impleaded or notified of the action against the indemnitor; and (2) had a defense against the demand against the indemnitee which was not used because of that nonjoinder or non-notification.

La. C.C.P. art. 423 defines prematurity of an action, at least partially, as the attempt to enforce an obligation when the obligation exists but is not yet enforceable; in salient part, it states:

> An obligation implies a right to enforce it which may or may not accrue immediately upon the creation of the obligation…When an action is brought on an obligation before the right to enforce it has accrued, the action *shall* be dismissed as premature, but it may be brought again after this right has accrued. (Emphasis added.)

Prematurity of an action is generally raised through the dilatory exception, which according to La. C.C.P. art. 923, "merely retards the progress of the action, but…[does not tend] to defeat the action." However, La. C.C.P. art. 933(A) provides that if the exception of prematurity is granted, "the premature action…shall be dismissed." Thus, La. C.C.P. arts. 423 and 933(A) both mandate dismissal of premature actions, but La. C.C.P. art. 423

---

[2] La. C.C.P. art. 1071 parallels La. C.C.P. art 1111 in that the former allows cross-claims against a co-party "who is or *may* be liable to the cross-claimant for…[indemnity]." The jurisprudence has sometimes made a distinction between indemnity raised by cross-claim and indemnity asserted by third-party demand.

also signifies the legislative intent that the claimant be afforded the opportunity to reassert the action upon maturity.[3]

In derogation of the "dismissal mandates" of La. C.C.P. arts. 423 and 933(A), the "may be liable" language of La. C.C.P. arts. 1111, 1112, and 1071 authorizes such incidental actions to be filed and maintained even if premature. This invokes the principle of statutory construction that when two laws of equal dignity conflict, the more specific provision or provisions overrides the more general one. *Generalia specialibus non derogant.*

In *Suire v. Lafayette City-Par. Consol. Gov't*, 04-1459 (La. 4/12/05), 907 So. 2d 37, the Louisiana Supreme Court held than an indemnity action (raised as a cross-claim) is premature until the indemnitee is cast in judgment or sustains a loss. However, despite finding the indemnity claim premature, the *Suire* court did not dismiss it, but instead, stayed it until resolution of the demand against the indemnitee.[4] Notably, the main demand was based on "property damages resulting from a…construction project," thus implicating the peremption of La. R.S. 9:2772.

In *Bennett v. DEMCO Energy Servs., LLC*, 23-01358 (La. 5/10/24), 386 So. 3d 270, the Louisiana Supreme Court again addressed an indemnity action asserted as a cross-claim; however, unlike in *Suire*, the indemnitor

---

[3] This becomes impossible if the action is destroyed by peremption before maturation.

[4] In *Suire*, prematurity was raised through a motion for summary judgment ("MSJ"), not a dilatory exception. While this distinction may seem trivial, perhaps it is not: La. C.C.P. art. 933(A) states that, "[i]f the dilatory exception pleading prematurity is sustained, the premature action…shall be dismissed." Thus, because the issue was raised via MSJ, *Suire* was able to protect the indemnitee from peremption without disobeying La. C.C.P. art. 933(A). *Suire* did still disobey La. C.C.P. art. 423's mandate of dismissal, apparently because of the threat that peremption would negate the indemnitee's right to bring the action "again after…[the] right to enforce…[ the exceptor's indemnity obligation]… accrued," as such reassertion is envisioned in La. C.C.P. art. 423.

asserted prematurity through a dilatory exception. The court repudiated its earlier conclusion (in *Suire*) that an indemnity action (raised via cross-claim) is premature until the indemnitee is cast in judgment or sustains a loss. The court drew a distinction between the right to demand indemnity from the right to obtain a judgment for indemnity, stating:

> *[A]sserting a claim for indemnity, arising out of the same facts and circumstances, is not premature before a judicial finding of liability.* The right to collect on an indemnity agreement is determined upon judgment or finding of liability or loss, but there is no prohibition on asserting a claim for indemnity in the same proceeding. Again, to require a party to file a separate indemnification action after a finding of liability runs afoul of our well-established principles of judicial efficiency. (Emphasis added).

*Id*. at 276. This rule of non-dismissal applies whether indemnity is asserted as a cross-claim or third-party demand. *Id*. at 275. On this basis, *Bennett* refused to dismiss the indemnitee's incidental demand. The *Bennett* opinion expressed concern for the "harsh consequences for a defendant who fails to bring in such a third-party defendant," including those established by La. C.C.P. art 1113.[5]

Nonetheless, the appellees maintain that *Bennett* should not apply because such would be an impermissible retroactive application of new law. This argument fails for two reasons: (1) *Bennett's* holding is procedural in nature, and new procedural laws generally do apply retroactively; and (2) although this court apparently has never addressed the issue presented herein, the jurisprudence of the other circuits almost unanimously takes the same position as *Bennett*.

---

[5]As previously mentioned, the article provides that an indemnitee can lose his right to indemnity for failure to implead an indemnitor who "had the means the defeat the action [against the indemnitee] which were not used" because of the non-joinder of the indemnitor or failure to notify him of the action.

**Persuasive jurisprudence**

The following cases are forerunners of *Bennett*: *Burns v. McDermott, Inc.*, 95-0195 (La. App. 1 Cir. 11/9/95), 665 So.2d 76 (explicitly holding that La. C.C.P. art. 1111's use of the phrase "may be liable" authorizes a third-party demand for defense costs before the indemnitee is determined to be at fault or not);[6] *Bellard v. ATK Constr., LLC*, 22-306 (La. App. 3 Cir. 10/26/22), 352 So. 3d 1052, 1055, *writ granted*, 22-01715 (La. 2/7/23), 354 So. 3d 662 ("a party can demand indemnity before it is entitled to indemnity by virtue of having been cast in judgment"); *Pizani v. St. Bernard Par.*, 12-1084 (La. App. 4 Cir. 9/26/13), 125 So. 3d 546, 555, *writ denied*, 13-2601 (La. 2/7/14), 131 So. 3d 863 (recognizing the tension between *Suire* and C.C.P. art. 1111 and holding trial court did not abuse its discretion in granting leave to file third-party demand despite lack of judgment against indemnitee); *Cato v. SPS Servs., LLC*, 21-715 (La. App. 5 Cir. 12/8/21), *writ denied,* 22-00047 (La. 3/2/22) (also explicitly holding that La. C.C.P. art. 1111's use of the phrase "may be liable" authorizes a third-party demand before the indemnitee is cast in judgment).

**Retroactivity**

"[U]nless a decision specifies otherwise, it is to be given prospective *and* retroactive effect." *Succession of Clivens*, 426 So. 2d 585, 586 (La. 1982). (Emphasis in original.) "As a general rule, a court decision operates both prospectively and retrospectively, except that it will not be permitted to disturb vested rights." *Byrd v. State Through Dep't of Transp. & Dev.*,

---

[6] In *Willis v. Frozen Water, Inc.*, 15-0900 (La. App. 1 Cir. 12/23/15), *writ denied,* 16-0146 (La. 3/14/16), 189 So. 3d 1069, the First Circuit distinguished *Burns. Willis* involved a cross-claim (which the court held was premature), whereas *Burns* involved a third-party demand (which the court held was not premature.)

6

53,308 (La. App. 2 Cir. 3/4/20), 293 So. 3d 89, 95 (internal quotation marks

omitted); *Bush v. Nat'l Health Care of Leesville*, 05-2477 (La. 10/17/06),

939 So. 2d 1216, 1219.

The Louisiana Supreme Court provides the following guidelines to

determine if a decision should be given only prospective effect:

> (1) the decision to be applied nonretroactively must
> establish a new principle of law, either by overruling clear
> past precedent on which litigants may have relied, or by
> deciding an issue of first impression whose resolution was
> not clearly foreshadowed; (2) the merits and demerits must
> be weighed in each case by looking to the prior history of
> the rule in question, its purpose and effect, and whether
> retrospective application will further or retard its
> operation; and (3) the inequity imposed by retroactive
> application must be weighed.

*Lovell v. Lovell*, 378 So. 2d 418, 421-22 (La. 1979).  (However, *Lovell*

addressed new *substantive* jurisprudence).

Legislation provides its own rules for determining when new

enactments should be applied retroactively.  La. C.C. art. 6 provides the

general[7] paradigm:

> In the absence of contrary legislative expression,
> substantive laws apply prospectively only. Procedural and
> interpretative laws apply both prospectively and
> retroactively, unless there is a legislative expression to the
> contrary.

In light of La. C.C. art. 6*,* a new *judicial interpretation* of procedural

law should be applied prospectively and retroactively in default of a

specification to the contrary.  Moreover, this principle is generally extended

to *substantive* jurisprudential changes in law.  *Succession of Clivens, supra*.

These authorities require that we apply *Bennett* retroactively, especially

---

[7] However, La. R.S. 1:2 governs retroactivity of revised statutes, stating: "No
Section of the Revised Statutes is retroactive unless it is expressly so stated."

since it: (1) merely provides a straightforward application of the text of La. C.C.P. art. 1111; (2) reaches the same ultimate outcome as *Suire*; and (3) follows the overwhelming majority of intermediate appellate decisions.

We re-emphasize that *Suire* and *Bennett* reached functionally identical outcomes: the non-dismissal of an indemnity action. These cases merely used disparate reasoning to reach the same result. *Bennett* overtly gives effect to the "may be liable" language of La. C.C.P. arts. 1071, 1111, and 1112, whereas *Suire* did not mention it. Accordingly, the appellees have failed to show that they have or had a vested right to dismissal without prejudice of the third-party demands for prematurity.

Thus, in the instant case, the trial court's dismissal of ARCO's indemnity actions against the appellees: (1) fails to give effect to the "may be liable" language of La. C.C.P. art. 1111; (2) actually contradicts the outcome of *Suire*; (3) contradicts both the outcome *and* reasoning of *Bennett*, which are applicable retroactively; and (4) contradicts the pre-*Bennett* jurisprudence of the other circuits, discussed *supra*.

For these reasons, the trial court committed an error of law in dismissing the appellant's third-party demands against the appellees.

## CONCLUSION

The judgment of the trial court is **REVERSED**, and this matter is **REMANDED** for further proceedings not inconsistent with this opinion. All costs of this appeal are taxed equally among the appellees.

8