EDWARDS, Judge.
Fireman’s Fund Insurance Company appeals the trial court’s dismissal of its third party demand on an exception of prematurity. We reverse and remand.
Plaintiff was injured when the car she was driving was struck by a car driven by Edna Watson. Plaintiff sued Watson and her husband; their insurer, USF & G; and plaintiff’s own underinsured motorist carrier, Fireman’s Fund. Fireman’s filed a third party demand against the Watsons and USF & G. They responded by filing an exception of prematurity. The trial court maintained the exception, and dismissed Fireman’s third party demand.
Were we to accept USF & G's argument that Fireman’s cannot maintain a third party demand because it has not actually paid the plaintiff anything, we would prohibit all third party demands. By its very nature, a third party demand is a way for a defendant to bring into the suit a person “who is or may be liable to him for all or part of the principal demand.” LSA-C.C.P. art. 1111. If Fireman's is ultimately held liable to plaintiff and becomes subro-gated to plaintiff’s claim against the other defendants, then Fireman’s can recover from them. This is precisely the sort of situation in which a third party demand is appropriate. Thus the trial court was wrong in maintaining the exception of prematurity.
Subsequent events, however, may yet require a dismissal of the third party demand. Attached to appellees' brief is a copy of a settlement document, executed after appellant filed its brief, in which plaintiff settled with and released the Wat-sons and USF & G, reserving her rights against Fireman’s. Thus plaintiff may still pursue her claim against Fireman’s, but the release of the tort-feasor precludes recovery by Fireman’s against the tort-fea-sor. When a UM carrier pays its insured, its theory of recovery against the tort-fea-sor is subrogation. When, however, a plaintiff has settled his claim and released the tort-feasor and his insurer, plaintiff no longer has any right against them, and consequently there is no right of the plaintiff to which the UM carrier can become subrogated. Pace v. Cage, 419 So.2d 443 (La.1982).
Nonetheless, our review is limited to the record, see Chapa v. Chapa, 471 So.2d 986, 987-88 (La.App. 1st Cir.1985), and the record has not been supplemented with evidence of the release. Accordingly, the judgment of the trial court maintaining the exception of prematurity is reversed, and the case is remanded for further proceedings consistent with this opinion. Costs of this appeal are to be borne equally by appellant and appellees.
REVERSED AND REMANDED.