602 So.2d 1124 (1992)
Ronald Ace JARREAU
v.
CITY OF BATON ROUGE, Parish of East Baton Rouge, State of Louisiana, Pittman Construction Company, Doyle Electric, Victor Electric and Controls, Inc. and Aetna Insurance Company.
No. 91 CA 1128.
Court of Appeal of Louisiana, First Circuit.
June 29, 1992.
Jerry McKernan, Baton Rouge, Jerome D'Auilla, New Roads, for plaintiff-appellee Ronald Ace Jarreau.
William Lowery, Jr., Baton Rouge, for defendant-appellant City of Baton Rouge, EBRP.
Arthur Andrews, Baton Rouge, for defendant-appellee Pittman Const. Co.
Stephen Wilson, Baton Rouge, for defendant-appellee Professional Engineering Consultants.
John W. Perry, Jr., Baton Rouge, for defendant-appellee Doyle Elec., Inc.
*1125 Thomas Perkins, Baton Rouge, for intervenor-appellee Aetna Cas. and Sur. Co.
Before COVINGTON, C.J., and LeBLANC and WHIPPLE, JJ.
LeBLANC, Judge.
Appellant, the City of Baton Rouge and Parish of East Baton Rouge (City-Parish), appeals the granting of a motion for summary judgment dismissing its third-party demand for indemnity from third-party defendant, Pittman Construction Company, Inc. We reverse.
In August of 1988, defendant, Pittman Construction Company, Inc., was the general contractor on a construction project at the South Wastewater Treatment Plant, a facility owned by the City-Parish. Pittman subcontracted a portion of the work to defendant, Doyle Electric, Inc., which in turn subcontracted work to Vector Electric & Controls, Inc. On or about August 2, 1988, plaintiff, Ronald Ace Jarreau, was injured in the course of his employment for Vector while performing work pursuant to this subcontract, when he fell through a hole in one of the buildings at the South Wastewater Treatment Plant.
Plaintiff subsequently filed suit for personal injuries against the City-Parish, Pittman Construction, Doyle Electric, and Professional Engineering Consultants Corporation (PECC), an engineering firm engaged by the City-Parish to oversee the construction project. In addition to filing an answer denying liability, the City-Parish asserted a third-party demand against Pittman and Doyle[1] for contribution and/or indemnification in the event City-Parish was held liable to plaintiff. In addition to seeking contribution, City-Parish claimed with respect to Pittman that it was entitled to indemnity on the basis of a contract, which it alleged provided that Pittman should indemnify the City-Parish for "liability of the nature asserted by the plaintiff in his main demand."
On November 6, 1989, the trial court rendered summary judgment dismissing plaintiff's negligence claim against Pittman on the basis that Pittman was plaintiff's statutory employer. However, the court maintained plaintiff's right to proceed against Pittman based upon intentional tort. The record does not reflect that any party appealed this judgment. Thereafter, Pittman, Doyle and their insurer reached a settlement with plaintiff; plaintiff subsequently dismissed his claims against these parties, while reserving his right to proceed against all other parties.
On March 1, 1991, Pittman filed a motion for summary judgment seeking the dismissal of City-Parish's third-party demand against it on the basis of its settlement with plaintiff. After a hearing on this motion, the trial court granted Pittman's motion and dismissed City-Parish's third-party demand. City-Parish has now appealed.

DISCUSSION
The contract entered into by City-Parish and Pittman provides, in pertinent part, that:
"The Contractor (Pittman) shall hold Owner (City of Baton Rouge) free and harmless from all Claims of damages to person and/or property that may arise out of or by reason of the performance of said work, or due to the negligences [sic], commission, or omission of any act by Contractor, him [sic] employees, agents or subcontractors.
The Contracting Agency, its officers, employees and agents, shall not be responsible for the negligent acts and omissions of the Contractor or the Contractor [sic] or the contractor's officers, employees or agent be responsible for the negligent acts or omissions of the contracting agency, its officers, employees and agents. Accordingly, the Contractor shall indemnify and save Contracting Agency, its officers, employees and agents, harmless from any and all claims, suits and actions of any character, name or description brought for or on account of any injury or damage to any person or property arising out of the *1126 work performed by the contractor and resulting from the negligence, commission or omission of any act by the Contractor, or Contractor's officers, employees, agents or subcontractors." (Words added).
The parties agree that this provision requires Pittman to indemnify City-Parish only to the extent of Pittman's own negligence. City-Parish's third-party demand for indemnification is based on this contractual provision.
The basis of Pittman's motion for summary judgment is the two-prong argument that: 1) since Pittman is only required to indemnify against its own negligence, and 2) since City-Parish will obtain a credit under the Harvey[2] rule and La.C.C. art. 1804 for Pittman's virile share of negligence due to its release by plaintiff, the City-Parish, as a matter of law, is not entitled to any further recovery under its contract with Pittman. In granting summary judgment dismissing City-Parish's third-party demand, the trial judge accepted this argument, noting in his oral reasons for judgment that, "I'll make it the law of the case; that the City Parish be entitled to a reduction for Pittman's negligence, if the jury finds any." In its appellate brief, City-Parish makes the counterargument that, under certain circumstances, it could be required to pay a greater portion of plaintiff's recovery than is attributable to its own percentage of negligence (if any), including a portion attributable to Pittman's negligence, for which it would be entitled to contractual indemnification.
We conclude that the argument of the City-Parish has merit. The flaw in the position advocated by Pittman, and apparently adopted by the trial court, is the premise that City-Parish would, because of the release of Pittman by plaintiff, be entitled to a credit for the percentage of fault attributable to Pittman. While this would generally be true, it is not so when the released party is the plaintiff's employer, as the trial court found to be the case herein when it dismissed plaintiff's negligence claims against Pittman on the grounds that Pittman was plaintiff's statutory employer. The rationale for allowing the reduction of the plaintiff's recovery by the percentage of fault attributable to the released tortfeasor, is that the plaintiff, by releasing a joint tortfeasor, has prejudiced the remaining tortfeasors by depriving them of the right they otherwise would have had to obtain contribution from the released tortfeasor. Tanner v. Fireman's Fund Ins. Companies, 589 So.2d 507, 514 (La.App. 1st Cir.1991), writs denied, 590 So.2d 1207 (1992). However, due to the exclusive remedy provision of the worker's compensation statutes, employers are immune from tort claims brought by third parties for contribution or indemnification on the basis of an employer's negligence in causing an employee's injuries. Berninger v. Georgia-Pacific Corp., 582 So.2d 266 (La.App. 1st Cir.1991). Thus, since the City-Parish had no right to tort contribution from Pittman because of Pittman's immunity as plaintiff's statutory employer, even prior to the release, the release of Pittman by plaintiff did not prejudice City-Parish's rights in any matter. Accordingly, there is no basis for the reduction of plaintiff's recovery against the remaining tortfeasors by Pittman's percentage of negligence because of the release effected by plaintiff, since it had no effect on City-Parish's rights with respect to Pittman.[3]
However, while a joint tortfeasor may not seek tort contribution or indemnification from a plaintiff's employer, there is no prohibition against an employer contractually agreeing to indemnify another party. Berninger v. Georgia-Pacific Corp., supra; Yocum v. City of Minden, 566 So.2d 1082 (La.App.2d Cir.1990). The fact that an employer is statutorily immune from tort liability does not limit its ability to *1127 agree contractually that it will hold a third party harmless from damages to an employee attributable to the employer's negligence. Id. Thus in the event that City-Parish is required to pay damages attributable to Pittman's negligence, it could be entitled to indemnification based on its contract with Pittman. Furthermore, it is possible that such a situation could occur under the circumstances of this case.
La.C.C. art. 2324 provides that a joint tortfeasor may be held solidarily liable for fifty percent of a plaintiff's recoverable damages, regardless of the tortfeasor's own degree of fault.[4] Accordingly, under this provision, it is possible that City-Parish could be held liable for a portion of negligence attributable to Pittman, in which case it might be entitled to indemnification from Pittman in accordance with the contractual provision noted above. For the purpose of illustration only, assume Pittman is ultimately found to be 60% at fault and City-Parish 40% at fault in causing plaintiff's injuries.[5] As discussed above, plaintiff's recovery is not subject to reduction due to its release of Pittman, because of Pittman's statutory immunity. Therefore, plaintiff is entitled to recover 50% of its full damages from City-Parish, although City-Parish is only 40% at fault. In this situation, City-Parish might be entitled, under its contract with Pittman, to recover the amount it paid in excess of its virile share.
Since we find that there are factual situations under which contractual indemnification from Pittman to City-Parish may be warranted, depending upon the allocation of fault ultimately made on the main demand, we conclude the trial court erred in granting summary judgment dismissing City-Parish's third-party demand. Accordingly, the judgment of the trial court is reversed and this matter is remanded to the trial court for further proceedings consistent with this opinion. All costs of this appeal are to be paid by appellee, Pittman Construction Company.
REVERSED AND REMANDED.
NOTES
[1] City-Parish's third-party demand against Doyle and its insurer was dismissed, without prejudice, upon the City-Parish's motion on January 15, 1991.
[2] Harvey v. Travelers Insurance Company, 163 So.2d 915 (La.App. 3rd Cir.1964).
[3] Of course, an employer's tort immunity does not extend to intentional acts. La.R.S. 23:1032B. Therefore, if Pittman is ultimately found to be guilty of an intentional tort, as is also alleged by plaintiff, plaintiff's recovery would be subject to reduction by the percentage of fault assigned to Pittman because of that intentional tort.
[4] This would not be the case in the event that plaintiff's fault is greater than that of the City-Parish.
[5] We are aware of the holding of the Louisiana Supreme Court in Guidry v. Frank Guidry Oil Co., 579 So.2d 947 (La.1991), to the effect that a statutorily immune employer's negligence should not be considered or quantified in a suit by the employee against a third-party tortfeasor. However, we note that the accident in question in Guidry occurred before the 1987 amendment to La.C.C. art. 2324, which is applicable to the present case. This amendment explicitly provided that a joint tortfeasor is not to be held solidarily liable, except to the extent of 50% of the plaintiff's recoverable damages, for damages attributable to the fault of another tortfeasor, regardless of the latter party's statutory immunity. In order to implement this provision it is clearly necessary to quantify an employer's negligence.