822 So.2d 60 (2002)
Richard DOUCET, Sr., et al.
v.
NATIONAL MAINTENANCE CORPORATION, et al.
No. 2001 CA 1100.
Court of Appeal of Louisiana, First Circuit.
June 21, 2002.
*62 Vincent J. DeSalvo, Baton Rouge, Counsel for Plaintiffs/Appellees Richard Doucet, Sr. and Patsy Doucet.
Kirk L. Landry, Baton Rouge, Counsel for Intervenor/Appellee Esis, Inc.
Gregory E. Bodin, Baton Rouge, Counsel for Defendant/Appellee Planet Insurance Co.
Arthur Leith, New Orleans, Counsel for Third Party Defendant/Appellee J.E. Merit Constructors, Inc.
Stewart E. Niles and Dan Buras, New Orleans, Counsel for Third Party Plaintiffs/Defendants/Appellants National Maintenance Corporation and J.C. Dunn.
Before: FITZSIMMONS, DOWNING and LANIER[1], JJ.
LANIER, J.
This suit arises out of an employment-related accident that occurred when plaintiff, during the course and scope of his employment, was allegedly injured on the premises of Dow Chemical Company (Dow) in Plaquemine, Louisiana. This appeal is from a judgment in favor of plaintiff's general employer[2] sustaining a peremptory exception raising the objection of no cause of action and granting its motion for summary judgment. The exception and motion for summary judgment were filed in response to a third party demand filed by the tortfeasor and his general employer (appellants). The appellants asserted that the injured employee's general employer owed the appellants indemnification if the appellants were liable for any damages that arose out of the accident.

FACTS AND PROCEDURAL HISTORY
At the time of the accident, November 8, 1993, plaintiff, Richard Doucet, Sr., was employed by J.E. Merit Constructors, Inc. (Merit) and was assigned to work at Dow in Plaquemine, Louisiana. J.C. Dunn, employed by National Maintenance Corporation (National), also was assigned to work at Dow under the supervision of Merit. Merit and National were subcontractors for Dow, and both had indemnity agreements with Dow. On the day of the accident, Doucet was boarding a pickup truck allegedly being driven by Dunn and owned by Dow. As Doucet was climbing into the bed of the truck, Dunn moved the truck forward before Doucet was completely in the truck resulting in various injuries to Doucet. Doucet and his wife filed suit on May 12, 1994; made defendants were National and Dunn. ESIS, Inc., Merit's workers' compensation insurer, filed a petition of intervention on September 12, 1994. ESIS made medical payments and paid *63 indemnity benefits because of injuries to Doucet and sought to be reimbursed such sums from any judgment or settlement in his favor. On July 2, 1999, Dunn and National filed a third party demand; made defendants were: 1) Dow; 2) ABC Insurance Company, the automobile and/or general liability insurance carrier for Dow Chemical U.S.A.; 3) DEF Insurance Company, the excess automobile and/or general liability insurance carrier for Dow; 4) Merit; 5) XYZ Insurance Company, the automobile and/or general liability insurer carrier for Merit; and 6) UVW Insurance Company, the excess automobile and/or general liability insurance carrier for Merit. On October 5, 1999, Dunn and National dismissed their third party demand as to Dow and ABC Insurance Co. without prejudice.
In response to National's third party demand, Merit filed a peremptory exception raising the objections of no cause of action and no right of action, and, alternatively, a motion for summary judgment.
In its memorandum in opposition to Merit's motion for summary judgment, National explained its position as follows:
Dow owned the vehicles used at the Dow plant in Plaquemine for transporting workers to their job sites. Merit signed an indemnity contract with Dow, in which they agreed to indemnify Dow for any injury to Merit employees which may be asserted against Dow. Dow owned the vehicle in which Doucet was a passenger at the time of the alleged injury. Under Louisiana law, as the owner of the vehicle, Dow's insurance is primary in providing coverage to the injured passenger. By it's contract with Dow, Merit assumed this obligation of indemnifying Dow for any injuries for which Dow might be liable by law. Tort immunity provided to employers under the Workers' Compensation statute does not preclude the employer from contractual indemnity. Jarreau v. City of Baton Rouge, 91-1128 (La.App. 1 Cir. 6/29/92), 602 So.2d 1124 (Holding that there is no prohibition against an employer contractually agreeing to indemnify another party) Merit has assumed Dow's liability for injuries to their employee as a passenger in a Dow vehicle. National is entitled to contribution and/or indemnity from Merit for all damages to which Mr. Doucet is entitled, if any, because Dow's primary automobile insurance coverage affords Dunn a defense and coverage and Merit assumes those obligations.
On December 9, 1999, defendants, Dunn and National, filed a peremptory exception raising the objections of no cause of action and no right of action, and/or alternatively a motion for summary judgment, asserting that Doucet's sole remedy was in workers' compensation because his allegation of negligence was asserted against a statutory co-employee, and that ESIS' claim for intervention was also precluded.[3] Plaintiffs amended their petition on February 25, 2000, adding Planet Insurance Company (Planet) as a defendant. Planet allegedly issued a policy of motor vehicle liability insurance to Dow; and, therefore, plaintiffs asserted Planet was liable for the negligence of Dunn, a permissive user of the vehicle. A hearing was held on the exceptions and motions for summary judgment on January 5, 2000. At that time, the trial judge ruled that Dunn was the borrowed employee of Merit.[4] The trial *64 judge deferred ruling on Merit's exceptions and motion for summary judgment pending production of the Merit/Dow contract and gave National a chance to produce any law or jurisprudence in support of its argument. A subsequent hearing was held on January 31, 2001. Judgments were rendered on February 16, 2001, overruling Merit's exception raising the objection of no right of action, sustaining Merit's exception raising the objection of no cause of action and granting its motion for summary judgment. The judgments were designated as final judgments. National and Dunn filed this devolutive appeal.[5]

MERIT'S DUTY TO INDEMNIFY NATIONAL (Appellants' assignments of error nos. 1, 2, 3 and 4)
Appellants assert that 1) the trial court erred by failing to find that an employer protected by the statutory employer defense is not protected from potential liability exposure if the employer contractually assumes the liability of a third party; 2) the trial court erred by failing to find that the statutory employer defense does not remove an employer's obligation to defend a statutory employee from a tort claim; 3) the trial court erred by failing to find that the statutory employer defense does not relieve an employer's obligation to fulfill his contractual obligation to indemnify a third party; and 4) the trial court erred by failing to find that Merit owed a duty to defend and indemnify Dunn and National.

Motion for Summary Judgment
A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine factual dispute. The motion should be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law. Calhoun v. Hoffman-La Roche, Inc., 98-2770, p. 4 (La.App. 1 Cir. 2/18/00) 768 So.2d 57, 60, writ denied, XXXX-XXXX (La.6/23/00) 765 So.2d 1041. The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action and is favored and shall be construed to accomplish these ends. La. C.C.P. art. 966A(2). After adequate discovery or after a case is set for trial, a motion that shows there is no genuine issue as to material fact, and the mover is entitled to judgment as a matter of law, shall be granted. La. C.C.P. art. 966C(1). The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense; but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party *65 fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. La. C.C.P. art. 966C(2).
Appellate courts review summary judgments de novo under the same criteria that govern the trial judge's consideration of whether a summary judgment is appropriate. Robertson v. Northshore Regional Medical Center, 97-2068, p. 5 (La.App. 1 Cir. 9/25/98) 723 So.2d 460, 463.
Appellants assert that "[b]ecause Doucet alleges that he was injured in a fall from a Dow vehicle, Dow is potentially exposed to liability for his injuries. Because a Merit employee has filed suit against Dow's insurance carrier, Merit's obligation to `protect, indemnify, and hold harmless' Dow has been triggered. Merit has a contractual obligation to Dow to defend and indemnify Dow for any liability that Dow may have for Doucet's injuries. Therefore, Dunn and National are entitled to a defense and indemnity from Merit."
In support of this argument, appellants assert that "[allowing] Merit to escape liability through a summary judgment based on the statutory employer defense requires this court to ignore and overrule Jarreau and rule that Merit could not assume any liability for Doucet's injuries despite clear evidence that this was Merit's intent." Appellants contend Jarreau is on point. In Jarreau v. City of Baton Rouge, 602 So.2d 1124 (La.App. 1 Cir.1992), this court observed that while a joint tortfeasor may not seek tort contribution or indemnification from a plaintiff's employer, there is no prohibition against an employer contractually agreeing to indemnify another party. Jarreau, 602 So.2d at 1126. In addition, the fact that an employer is statutorily immune from tort liability does not limit its ability to agree contractually that it will hold a third party harmless from damages to an employee attributable to the employer's negligence. Jarreau, at 1126-1127. However, appellants' reliance on Jarreau is misplaced. In Jarreau, the third party plaintiff had a contract with the third party defendant, the general contractor. In that case, the third party defendant agreed to indemnify the third party plaintiff to the extent of its own negligence in the case of an injury to one of its employees. In the present case, there exists no contract between Merit and National. Merit has a contract with Dow that states in pertinent part:

ARTICLE VI INDEMNITY
6.1 Contractor assumes the entire responsibility and liability and will protect, indemnify and hold harmless Dow, its agents, servants, and employees from and against any and all losses, expenses, demands, and claims made against Dow, its agents, servants, and employees, by Contractor or its subcontractors, or any employee, agent or servant of Contractor or its subcontractors because of injury or alleged injury (including death), whether cause by the negligence of Dow, its employees, or otherwise, arising from any source while Contractor or its subcontractors, or any employee, agent, or servant of Contractor or its subcontractors are on premises owned, operated or leased by Dow under the control of Dow, or while Contractor or its subcontractors, or any employee, agent, or servant of Contractor or its subcontractors are performing under this agreement, and Contractor agrees to defend any suit, action, or cause of action brought against Dow, its agents, servants, or employees, based on any such alleged injury, and to pay all damages, costs, and expenses, including attorneys' fees, in connection therewith or resulting therefrom. (Emphasis added).
*66 This contract is between Merit and Dow; National is not a party to it.
Because National is not a party to the Merit/Dow contract, the appellants can only avail themselves of the benefit of that contract if they are third party beneficiaries. See La. C.C. art. 185. A contracting party may stipulate a benefit for a third person called a third-party beneficiary. La. C.C. art.1978. Under Louisiana law, such a contract for the benefit of a third party is referred to as a "stipulation pour autrui." Paul v. Louisiana State Employees' Group Benefits Program, 99-0897, p. 6 (La.App. 1 Cir. 5/12/00), 762 So.2d 136, 140. A stipulation pour autrui is never presumed, and the intent of the contracting parties to stipulate a benefit in favor of a third party must be made manifestly clear. Id., 99-0897, p. 5, 762 So.2d at 140. Additionally, to establish a stipulation pour autrui, the third-party relationship must form the consideration for a condition of the contract, and the benefit may not be merely incidental to the contract. Id., 99-0897, p. 6, 762 So.2d at 140. In addition the party demanding performance of an obligation pursuant to a stipulation pour autrui bears the burden of proving the existence of this obligation. Id., 99-0897, p. 6, 762 So.2d at 140. Therefore, appellants, the adverse party to Merit's motion for summary judgment, had to produce factual support sufficient to establish that they would be able to satisfy their evidentiary burden of proof at trial. See La. C.C.P. art. 966C(2).
Appellants have not met their burden of showing they are entitled to indemnity from Merit based on the Merit/Dow contract or that they were third party beneficiaries of that contract. Appellants have presented no evidence, law or jurisprudence to support their argument. There is no evidence showing that National's relationship with either Merit or Dow formed part of the consideration for the Dow/Merit contract, and there exists no clear language in the contract indicating National is a third party beneficiary.
Appellants also assert that "[M]erit must provide Dunn with a defense and indemnity because he [Dunn] was Merit's statutory employee."[6] The trial *67 court ruled that Dunn was Merit's borrowed employee. See n. 2, supra. Furthermore, the only support appellants offer for this argument is La. C.C. art. 2320.
La. C.C. art. 2320 states:
Masters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the function in which they are employed.
. . .
In the above cases, responsibility only attaches, when the masters or employers, teachers and artisans, might have prevented the act which caused the damage, and have not done it.
The master is answerable for the offenses and quasi-offenses committed by his servants, according to the rules which are explained under the title: Of quasi-contracts, and of offenses and quasi-offenses.

Appellants cite no other law or jurisprudence in support of this argument. La. C.C. art. 2320 merely establishes a cause of action against the employer for damage caused by an employee.
In Morgan v. ABC Manufacturer, 97-0956 (La.5/1/98), 710 So.2d 1077, the Louisiana Supreme Court, observed that the general employer of the injured employee retains statutory immunity as a result of a specific legislative provision of the Workers' Compensation statutes.[7]Morgan, 97-0956, p. 11, n. 10, 710 So.2d at 1082; See Grayson v. R.B. Ammon and Associates, Inc., 99-2597 (La.App. 1 Cir. 11/3/00), 778 So.2d 1, writs denied, XXXX-XXXX, 3311 (La.1/26/01), 782 So.2d 1026, 1027. Appellants' attempt to circumvent Merit's statutorily granted immunity on the basis that Dunn is allegedly Merit's "[borrowed] employee" has no basis in the law or jurisprudence.
When a motion for summary judgment is made and supported, an adverse party may not rest on the mere allegations or denials of his pleadings; but his response, by affidavits or as otherwise provided by law, must set forth specific facts showing that there is a genuine issue for trial. La. C.C.P. art. 967; Burris v. Vinet, 95-0668, p. 4 (La.App. 1 Cir. 11/9/95), 664 So.2d 1225, 1228.
For these reasons, there is no genuine issue of material fact that must be tried, and the trial court was correct in granting Merit's motion for summary judgment. See La. C.C.P. art. 966C(2).
The appellants' assignments of error are without merit.

DECREE[8]
For the foregoing reasons, the judgment of the trial court in favor of *68 Merit and against National and Dunn granting the summary judgment is affirmed. National and Dunn are cast for the cost of this appeal.
AFFIRMED.
DOWNING, J., concurs.
NOTES
[1] The Hon. Walter I. Lanier, Jr., Judge (retired), First Circuit Court of Appeals, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] A general employer is an employee's immediate employer. See La. R.S. 23:1031C.
[3] These issues are not a subject of this appeal.
[4] Appellants assert that there is a trial court judgment declaring Dunn to be the "statutory employee" of Merit. However, the ruling by the trial judge on January 5, 2000, was that Dunn was the "borrowed employee" of Merit. Furthermore, a judgment may be interlocutory or final. A final judgment must be (1) signed by a judge, (2) sent to the clerk of the parish in which the action is pending, and (3) identified as a final judgment by appropriate language. La. C.C.P. arts.1911, 1912 and 1918; Bagert v. State Bd. of Ethics for Elected Officials, 594 So.2d 922, 925 (La.App. 1 Cir. 1992). Interlocutory judgments are entered into the minutes of the court. La. C.C.P. art.1914; Bagert, 594 So.2d at 925. There is neither a final judgment in the record nor is there an entry in the minutes of the court pertaining to the trial judge's rulings on January 5, 2000.
[5] In addition to its reply brief, Merit also filed an answer to the appeal of National, asserting that the trial court erred in overruling Merit's exception raising the objection of no right of action.
[6] Throughout the record, and their brief, the appellants use the terms "statutory employee" and "borrowed employee" interchangeably. However, the two are distinguishable. La. R.S. 23:1031(C) addresses the "borrowed employee" and states, in pertinent part, "In the case of any employee for whose injury or death payments are due and who is, at the time of the injury, employed by a borrowing employer in this Section referred to as a `special employer', and is under the control and direction of the special employer in the performance of the work, both the special employer and the immediate employer, referred to in this Section as a `general employer', shall be liable jointly and in solido to pay benefits as provided under this Chapter."

La. R.S. 23:1061(A)(1) addresses the "statutory employee" and states, in pertinent part, "Subject to the provisions of Paragraphs (2) and (3) of this Subsection, when any `principal' as defined in R.S. 23:1031(A)(2), undertakes to execute any work, which is a part of his trade, business, or occupation and contracts with any person, in this Section referred to as the `contractor', for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal, as a statutory employer, shall be granted the exclusive remedy protections of R.S. 23:1032 and shall be liable to pay any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him; ...."
La. R.S. 1061A(2) provides, "A statutory employer relationship shall exist whenever the services or work provided by the immediate employer is contemplated by or included in a contract between the principal and any person or entity other than the employee's immediate employer." La. R.S. 23:1061A(3) states, "Except in those instances covered by Paragraph (2) of this Subsection, a statutory employer relationship shall not exist between the principal and the contractor's employees, whether they are direct employees or statutory employees, unless there is a written contract between the principal and a contractor which is the employee's immediate employer or his statutory employer, which recognizes the principal as a statutory employer."
[7] La. R.S. 23:1032A(1)(a) states, in pertinent part, "Except for intentional acts provided for in Subsection B, the rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights, remedies, and claims for damages ...."

"In enacting the Worker's Compensation system, the legislature struck a balance under which employers were liable to their employees for designated benefits and medical expenses resulting from workplace accidents regardless of the employee's contributory negligence in causing those injuries. The legislature simultaneously curtailed the employee's tort remedies against these employers." Morgan v. ABC Manufacturer, 97-0956, p. 11, n. 10 (La.5/1/98), 710 So.2d 1077, 1082.
[8] Appellants also assert that the trial court erred by failing to find that Merit could claim recovery of its "Workers' Compensation Lien" from Dunn and National, notwithstanding Merit's assumption of contractual defense and indemnity. However, the trial court did not rule on this issue and it is not properly before this court.