HIGGINBOTHAM, J.
lain this breach of contract ease, appellant, J.D. Fields & Company, Inc. (Fields), seeks review of the judgment of the trial court granting summary judgment in favor of appellee, Professional Construction Services, Inc. (PCS).
BACKGROUND
In 2005, Nottingham Construction Company, LLC (Nottingham) contracted with the City of Hammond for the construction of the North Plant Lift Station. In order to facilitate its work on the project, Nottingham ' rented sheet piles from Fields. Nottingham also' contracted with PCS to drive the sheet piles to create a cofferdam, which allowed Nottingham to perform its work below ground (the subcontract). The sheet piles were delivered to. PCS at the jobsite by Nottingham, and PCS-drove and removed the sheet piles. After completion of the work, Nottingham returned the sheet piles to Fields. Fields claimed that the returned sheet piles were heavily damaged and not returned in “first-class, re-drivable condition.”[1] Thereafter, Fields sent numerous invoices to Nottingham representing the alleged reconditioning and/or liquidation charges incurred in connection with the rented sheet piles. Nottingham did not pay the invoices..
On August 6, 2012, Fields filed a “Petition on Open Account and for Damages” naming Nottingham, Wharton-Smith Inc., a company who purchased Nottingham in 2010, and PCS as defendants. In its petition, Fields alleged an open account claim as well - as a damages claim- for breach of contract against Nottingham and Wharton-Smith and for damages for negligence against PCS. Nottingham and Wharton-Smith filed peremptory exceptions of prescription and peremption. , On February 6, 2013, judgment was signed granting Nottingham and Wharton-Smith’s exception of prescription regarding Fields’ open ac *715 count claim, but denying | .^Nottingham and Wharton-Smith’s exception of peremption regarding Fields’ breach of contract claim.[2]
On July 1, 2013; Fields filed a “First Supplemental and. Amended Petition on Open Account and For Damages.” ■ In its amended petition, Fields replaced its negligence claim against PCS with a breach of contract claim, contending that the subcontract between Nottingham and PCS, in article 13.1, established a stipulation pour autrui for the benefit of third parties, including Fields. Therefore, Fields contends that PCS is liable to Fields for the breach of PCS’ third-party beneficiary obligation.
On September 8, 2014, PCS filed a motion for summary judgment contending that Fields was not a third-party beneficiary to the subcontract between PCS and Nottingham, and that Fields’ claims were perempted under La. R.S. 9:2772. In support of its motion, PCS submitted the affidavit of Ms. Yvette Hebert, who executed the subcontract on behalf of PCS; the affidavit of Mr, Edward J. Abate, the vice president of PCS in 2005; photographs of PCS’ work on the construction project; the “Notice by Owner of Acceptance of the Work;” and the subcontract. Fields maintained that genuine issues of material fact remain as to whether Fields was a third-party beneficiary under the subcontract and whether its breach of contract claim was perempted under the statute. Attached to Fields’ memorandum in opposition, was the deposition testimony of Mr. Edward J. Abate and Mr. Henry R. Whitty, the designated representatives óf PCS. Fields 'also attached the subcontract and its notice of deposition of PCS.
The motion for summary judgment was heard on November 3, 2014, at which time the parties argued their respective positions. After the hearing, the trial court determined that no genuine issue of material fact remained as to' whether Fields was |4a third-party beneficiary to the subcontract, and on November 20, 2014, the trial court signed a judgment granting PCS’ motion for summary judgment and dismissing Fields’ claims. It is from this judgment that Fields appeals.
STANDARD OF REVIEW
When reviewing summary judgments, appellate courts conduct a de novo review of the evidence, using the same criteria that govern the trial court’s determination of whether summary judgment is appropriate. Boudreaux v. Vankerkhove, 2007-2555 (La.App. 1st Cir.8/11/08), 993 So.2d 725, 729-30. The motion for summary judgment should be granted if the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law. La.Code Civ. P. art. 966(B)(2).
On a motion for summary judgment, the initial burden of proof is on the moving party. However, on issues for which the moving party will not bear the burden of proof at trial, the moving party must only point out to the court that there is an absence of factual support for one or more elements essential to" the adverse party’s claim, action, or defense. Then the nonmoving party must producé factual support sufficient to satisfy its evidentiary burden of proof at trial. If the nonmóving party fails to do so, there is no genuine *716 issue of material fact, and the mover is entitled to summary judgment. La.Code Civ. P. art. 966(C)(2).
Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. The Shaw Group v. Kulick, 2004-0697 (La.App. 1st Cir.4/8/05), 915 So.2d 796, 800, writ denied, 2005-1205 (La.11/28/05), 916 So.2d 148. The substantive law applicable in this case involves third-party beneficiary law found in La. Civ. Code art. 1978 and the related jurisprudence.
DISCUSSION

Third-Party Beneficiary: Stipulation Pour Autrui

A contracting party may stipulate a benefit for a third person called a third-party beneficiary. La. Civ.Code art. 1978. Under Louisiana law, such a contract for the benefit of a third party is referred to as a “stipulation pour autrui.” Paul v. Louisiana State Employees’ Group Benefit Program, 99-0897 (La.App. 1st Cir.5/12/00), 762 So.2d 136, 140. A stipulation pour autrui is never presumed, and the intent of the contracting parties to stipulate a benefit in favor of a third party must be made manifestly clear. Additionally, to establish a stipulation pour autrui, the third-party relationship must form the consideration for a condition of the contract, and the benefit may not be merely incidental to the contract. Id.
Moreover, the party demanding performance of an obligation pursuant to a stipulation pour autrui bears the burden of proving the existence of this obligation. Id. Therefore, Fields, the adverse party to PCS’ motion for summary judgment, was required to produce factual support sufficient to establish that it would be able to satisfy its evidentiary burden of proof at trial. See La.Code Civ. P. art. 966(C)(2).
Fields contends that article 13.1 in the subcontract between PCS and Nottingham established a stipulation pour autrui in its favor. Article 13.1 states:
... Subcontractor shall be solely responsible for and take all reasonable precautions for the safety of, and shall provide all reasonable protection to prevent damage, injury or loss to: ... (2) all the Subcontractor’s Work and all materials and equipment to be incorporated therein, and (3) other property at the site or adjacent thereto. The Subcontractor shall promptly remedy all damages or loss to any property, moveable or immovable, including but not limited to Subcontractor’s Work and other Work affected thereby, located on the Project site or adjacent thereto, and caused in whole or in part by the Subcontractor, or anyone for whose acts Subcontractor may be liable.
|fiBecause Fields is not a party to the subcontract between Nottingham and PCS, Fields can only avail itself of the benefit of the contract if it is a third-party beneficiary.
In support of its position, Fields relies on the case of Denbury Onshore, L.L.C. v. Pucheu, 2008-1210 (La.App. 3rd Cir.3/11/09), 6 So.3d 386, 397, to argue that it was inappropriate for the trial court to determine that this was not a stipulation pour autrui. In Denbury, the mover filed a motion for summary judgment contending that a stipulation pour autrui existed in its favor. The court acknowledged that a stipulation pour autrui is never presumed and that the parties must clearly manifest their intent to benefit the third party. The court concluded that the intent to benefit the mover was not manifested in the agreement, and therefore, genuine issues remained regarding intent. As such, the mover’s claim could not be resolved on summary judgment.
*717 Unlike the situation in Denbury, where the mover requested that the court find a stipulation pour autrui existed in its favor, in this case, PCS contends that no stipulation pour autrui exists in favor of Fields. Therefore, it is Fields’ burden to produce factual support sufficient to satisfy its evi-dentiary burden of proof at trial that the intent of the contracting parties to stipulate a benefit in favor of Fields was manifestly clear.
Fields relies on the language in the subcontract that states that PCS' shall promptly remedy all damages or loss to any property caused by PCS. In Ms. Hebert’s affidavit that PCS submitted in favor of its motion for summary judgment, Ms. Hebert stated that she executed the subcontract between Nottingham and PCS on behalf of PCS. She further stated that PCS did not intend for Fields to be a third-party beneficiary to the subcontract and intended for Nottingham to be the only beneficiary of all of PCS’ obligation in the subcontract.
|7In response, Fields failed to produce factual support sufficient to establish that it would be able to satisfy its evidentiary burden of proof at trial that PCS and Nottingham intended to benefit Fields in the subcontract. Fields introduced no evidence showing that its relationship with either Nottingham or PCS formed part of the consideration for the subcontract, and there exists no clear language in the contract indicating that Fields is a third-party beneficiary. Thus, it was never established that a condition or consideration for the contract between Nottingham and PCS was to confer a benefit on Fields. See Doucet v. National Maintenance Corporation, 01-1100 (La.App. 1st Cir.6/21/02), 822 So.2d 60, 65, 66 (contract providing that contractor “assumes the entire responsibility and liability” for losses and injuries was not sufficiently clear to establish stipulation pour autrui, and plaintiff produced no evidence showing that third party’s relationship with parties to contract formed a part of the consideration for contract); Carter v. BRMAP, 591 So.2d 1184, 1186, 1192 (La.App. 1st Cir.1991) (provision in an act sale whereby transferees “assume[d]” liabilities of transferor was not sufficient to establish stipulation pour au-trui where affidavits of transferees stated parties had no intent to convey a benefit to a third party, and plaintiff presented no counter-affidavits or other evidence to show otherwise).
Upon review of the subcontract as a whole, as well as the affidavit of Ms. Hebert, we find no proof of a clear intent to confer a benefit on Fields. Therefore, based on the undisputed facts of this case, we conclude that the most basic requirement of a stipulation pour autrui — that the contract manifest a clear intention to benefit the third party — is absent in this case.[3] For these reasons, there is no |sgenuine issue of material fact that must be tried, and the trial court was correct in granting PCS’ motion for summary judgment. See La.Code Civ. P. art. 966(C)(2).
CONCLUSION
For the foregoing reasons, the summary judgment signed by the trial court on November 30, 2014 is affirmed. All costs of the appeal are assessed to appellant, J.D. Fields & Company, Inc.
AFFIRMED.

. This language is from the rental agreement Fields provided to Nottingham, which Nottingham did not sign.

. The exceptions filed by Nottingham and Wharton-Smith are not at issue in this hp-peal.’

. Because we find the basic requirement of a "stipulation pour autrui” was not present in this instance, we do not address PCS’ other argument challenging the timeliness of Fields’ breach of contract claim against PCS.