STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2021 CA 0290

LOUISIANA WETLANDS, LLC AND NEW 90, LLC

VERSUS

ENERGEN RESOURCES CORPORATION, CHEVRON USA, INC.,
SOUTHERN NATURAL GAS COMPANY, LLC, EP ENERGY E&P
COMPANY, LP, AND BRAMMER ENGINEERING, INC.

Judgment Rendered: ___**OCT 0 4 2021**___

\*\*\*\*\*

On Appeal from the
16th Judicial District Court
Parish of St. Mary, State of Louisiana
Trial Court No. 130527

The Honorable Suzanne de Mahy, Judge Presiding

\*\*\*\*\*

Gladstone N. Jones, III
Bernard E. Boudreaux, Jr.
Kevin E. Huddell
Emma E. Daschbach
John T. Arnold
Lindsay E. Reeves
New Orleans, Louisiana

James R. Swanson
Lance C. McCardle
E. Blair Schilling
New Orleans, Louisiana

Michael R. Phillips
Louis M. Grossman
Claire E. Juneau
Jeffrey J. Gelpi
New Orleans, Louisiana

L.Victor Gregoire
John C. Funderbunk
Baton Rouge, Louisiana

Attorneys for Plaintiffs-Appellants,
New 90, LLC and James J. Bailey, III,
Individually and as Representative of the
Successions of Willie Palfrey Foster and
Fairfax Foster Bailey

Attorneys for Defendant-Appellee,
Chevron U.S.A., Inc.

David S. Landry
Andrew J. Brien
Russell L. Foster
Seth E. Bagwell
New Orleans, Louisiana

Attorneys for Defendant-Appellee,
Energen Resources Corporation

John S. Troutman
George Arceneaux, III
Penny L. Malbrew
Jamie D. Rhymes
Lafayette, Louisiana

Attorneys for Defendant-Appellee,
BP America Production Company

Kelly B. Becker
New Orleans, Louisiana

Richard D. McConnell, Jr.
Baton Rouge, Louisiana

Attorneys for Defendant-Appellee,
Southern National Gas Company, L.L.C.

Tyler Moore Kostal
Chynna M. Anderson
New Orleans, Louisiana

\*\*\*\*\*

BEFORE: McDONALD, LANIER, AND WOLFE, JJ.

2

**WOLFE, J.**

In this oil and gas contamination case, also known as a "legacy" lawsuit, the plaintiffs appeal the trial court's judgment granting the defendants' motions for partial summary judgment based on the subsequent purchaser doctrine.[1] For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

The plaintiffs in this case are New 90, LLC, and James J. Bailey, III ("Mr. Bailey"), individually and as the representative of the Successions of Willie Palfrey Foster and Fairfax Foster Bailey.[2] The case involves the Bailey family property, a 300-acre tract of land known as the Shady Retreat Plantation, near the Town of Franklin in St. Mary Parish (hereafter referred to as "the property"). For more than a century, the property has always passed from generation to generation through successions. However, on January 22, 2009, Mr. Bailey, his sister, Virginia Bailey Noland, and his nephew, Prescott Foster Bailey, Jr., created a formal limited liability company, New 90, LLC, to manage the property they had succeeded to own. Mr. Bailey is the sole operating manager of New 90, LLC. On March 20, 2009, all of the property owners transferred their respective undivided interests in the property to New 90, LLC, in exchange for membership interests in New 90, LLC, and placement on the managing board of New 90, LLC. Thus, with the recording of the Act of Transfer in the conveyance records of St. Mary Parish, New 90, LLC, became the record owner of the property.

---

[1] These types of actions are often referred to as "legacy" lawsuits, because they often arise from oil and gas operations conducted many decades ago, leaving a "legacy" in the form of actual or alleged contamination. See **Lexington Land Development, L.L.C. v. Chevron Pipeline Company**, 2020-0622 (La. App. 1st Cir. 5/25/21), ___ So.3d ___, 2021 WL 2102932, *1, n. 1.

[2] New 90, LLC, and Louisiana Wetlands, LLC, were the original plaintiffs, but the plaintiffs later removed Louisiana Wetlands and added James J. Bailey, III, both individually and in his capacity as the representative of his mother's and grandmother's successions.

The Act of Transfer provides, in pertinent part, that the transferors desired that New 90, LLC, "own, operate, develop and manage" the property as fully described in an attachment to the Act. The Act of Transfer further provides that "in consideration of the premises, and for certain other good and valuable consideration" the transferors "GRANT, BARGAIN, SELL, TRANSFER AND CONVEY" to New 90, LLC, "all and singular the whole of all right, title, interest, and ownership" of the transferors. The Act of Transfer also states that the property be transferred to New 90, LLC, "with full and general warranty of title, and with full subrogation to all rights of warranty and all other rights as held therein by said vendor."

The plaintiffs allege that soil and groundwater testing conducted on the property in 2016, revealed contamination and environmental damage caused by historical oil and gas operations. It is undisputed that oil and gas exploration and production activities had been conducted on various areas of the property pursuant to a 1948 mineral lease entered into between Mr. Bailey's mother on her own behalf and Mr. Bailey's grandmother on behalf of the succession of W. Prescott Foster as lessors and Pan-American Production Company ("Pan-American") as lessee. Additionally, pursuant to partial assignments beginning in 1952, BP America Production Company ("BP"), Chevron U.S.A., Inc. ("Chevron"), and Southern Natural Gas Company, L.L.C. ("SNG"), were each successors to Pan-American's lessee interest in the 1948 lease. All wells that were drilled and operated under the 1948 lease, were eventually plugged and abandoned by 1973. However, Mr. Bailey's mother and his grandmother's succession entered into two mineral leases in 1975 with lessee, Camex, Inc., for additional hydrocarbon production on the property. Energen Resources Corporation ("Energen") is a successor to Camex's lessee interest in the 1975 leases. Energen and its predecessors' interest in operations on the property terminated in July 2000, with the plugging and abandonment of the last two operating wells.

4

In December 2016, plaintiffs filed this lawsuit asserting claims in tort and contract, seeking to have the contaminated property cleaned and restored. The named defendants included all of the successor oil and gas operators who were mineral lessees upon the property at various times in the property's history. As the litigation progressed, the plaintiffs filed two motions for partial summary judgment, though the appellate record only contains one of those motions regarding the alleged solidary liability of Chevron, BP, and SNG, pursuant to a 1960 joint operating agreement between those operators' predecessors. In June 2020, Chevron and SNG jointly filed a motion for partial summary judgment based on the subsequent purchaser doctrine, alleging that New 90, LLC, had no right to bring a claim for alleged property damage that occurred years before it acquired the property. Energen and BP filed substantively similar motions for partial summary judgment, and the plaintiffs opposed all of the motions in an omnibus opposition.

On June 30, 2020, the trial court conducted a hearing on all of the motions for partial summary judgment and ruled from the bench. The trial court denied both of the motions filed by the plaintiffs and granted the motions of Chevron, SNG, Energen, and BP (collectively, "the defendants"), dismissing all claims of New 90, LLC, based on the subsequent purchaser doctrine. The ruling did not affect Mr. Bailey's claims against the defendants. The trial court signed an amended judgment on November 2, 2020, with appropriate decretal language certifying the judgment as final and appealable.[3] The plaintiffs appeal the amended judgment, seeking reversal of the partial summary judgment based on the subsequent purchaser doctrine.

The plaintiffs raise three assignments of error. First, they argue that the trial court erred in applying the subsequent purchaser doctrine to a non-sale transfer of

---

[3] The trial court initially rendered a judgment on July 8, 2020, but that judgment lacked appropriate decretal language concerning the finality of the judgment. Accordingly, after this court denied the plaintiffs' writ application, the trial court issued the amended judgment on November 2, 2020, dismissing all claims of New 90, LLC.

property. Second, the plaintiffs maintain that the trial court erred in interpreting the language in the Act of Transfer of "all rights" as to not include a transfer of the personal right to sue for property damage. Third, the plaintiffs contend that the trial court erred in failing to rule on the plaintiffs' alternative grounds that a genuine issue of material fact exists regarding whether New 90, LLC, is a third-party beneficiary to the 1975 mineral leases or the 1960 joint operating agreement between the defendants' predecessors.

## STANDARD OF REVIEW

A motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. **Hester v. Walker,** 2020-01278 (La. 5/13/21), 320 So.3d 362, 366. Appellate courts review summary judgments *de novo*, using the same criteria that govern the trial court's determination of whether summary judgment is appropriate; i.e., whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law. **Id.** Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. **Global Marketing Solutions, LLC v. Blue Mill Farms, Inc.,** 2013-2132 (La. App. 1st Cir. 9/19/14), 153 So.3d 1209, 1214, writ denied, 2014-2572 (La. 4/23/15), 173 So.3d 1164. Since the trial court granted the defendants' motions for partial summary judgment based on the subsequent purchaser doctrine, we will examine that doctrine to make our own determination on the issues presented.

## LAW AND ANALYSIS

The plaintiffs argue that the subsequent purchaser doctrine does not apply in this case, because the Act of Transfer was not an arm's-length "sale" of the property, but was a transfer from family members to their closely held LLC in exchange for membership in the LLC. The plaintiffs maintain that the transfer of property to New

6

90, LLC, included all of the rights associated with the property. The trial court ruled, however, that the Act of Transfer language was too broad to transfer the family members/owners' personal rights to sue the defendants for property damage.

The subsequent purchaser doctrine and a comprehensive analysis of Louisiana property law was thoroughly explained by the Louisiana Supreme Court in **Eagle Pipe and Supply, Inc. v. Amerada Hess Corp.**, 2010-2267 (La. 10/25/11), 79 So.3d 246. The supreme court clarified that the subsequent purchaser rule is a jurisprudential rule providing that a property owner "has no right or actual interest in recovering from a third party for damage which was inflicted on the property before his purchase, in the absence of an assignment or subrogation of the rights belonging to the owner of the property when the damage was inflicted." **Id.** at 256-257. In **Eagle Pipe**, 79 So.3d at 281, the court found that the plaintiff landowner did not have a right of action against the defendants who had damaged the property by their actions *before the time the plaintiff had acquired the land.* The supreme court clearly held that an owner's right to sue for damage to his property is a personal right and is possessed by the person who was the owner at the time the damage was caused. This personal right is not transferred to a subsequent owner without a clear stipulation that the right has been transferred. In other words, a personal right cannot be asserted by another in the absence of a specific assignment or subrogation. **Id.** at 262. Equally as important, real rights "pass to a subsequent *acquirer* of the thing to which it is attached without the need of a stipulation to that effect." **Id.** (Emphasis added.)

Thus, it is immaterial how property is transferred to a particular successor. If the transferring instrument does not contain an explicit assignment of the personal right to sue for damage to the property, that right remains with the transferor. The Act of Transfer between the Bailey family members and New 90, LLC, was a transfer by particular title that did not automatically convey personal rights. The

right to sue for property damage is a personal right that belongs to the owner of the property at the time the damage was inflicted. **Eagle Pipe**, 79 So.3d at 275. Additionally, the right to sue for breach of a lease is a personal right that belongs to the lessor. **Id**. at 270. Because the Act of Transfer in this case does not contain a specific assignment of the personal right to sue for property damage, New 90, LLC, never acquired that particular right. Therefore, the trial court did not err in determining that New 90, LLC, is not a proper party to assert a claim for property damages in this legacy lawsuit. Accord **WBR Corp. v. State Through Dept. of Transp. and Development**, 97-0621 (La. App. 1st Cir. 4/8/98), 711 So.2d 337, 341, writ denied, 98-1791 (La. 10/9/98), 726 So.2d 897 (recognizing that the subsequent purchaser doctrine applied to a non-sale transfer of property from one closely held corporation to another, even when both were formed and wholly owned by the same shareholder).

Nevertheless, the plaintiffs further argue that the Act of Transfer actually contained a specific and express assignment of the personal right to sue for property damage. We disagree with the plaintiffs' position. The language that the plaintiffs rely on states that the transferors "GRANT, BARGAIN, SELL, TRANSFER AND CONVEY" to New 90, LLC, "all and singular the whole of all right, title, interest and ownership" of the transferors, "with full and general warranty of title, and with full subrogation to all rights of warranty and all other rights as held therein" by the transferors. The trial court found the subrogation clause to be a broad and general statement that was not express or specific enough to transfer the personal right to sue for damages. We agree with the trial court and conclude that this reasoning follows well-established jurisprudence requiring an express and specific assignment of personal rights.

The pertinent language in the Act of Transfer reveals an intent to transfer all rights of warranty and all other *real rights in the property*, not personal rights against

8

another person or entity for hidden or latent damages to the property. Louisiana jurisprudence has repeatedly held that an assignment of the personal right to sue for damage must be express and specific. See **Eagle Pipe**, 79 So.3d at 266-271. The Act of Transfer in this case is silent as to the personal right to sue for damages. Further, the Act of Transfer does not refer to any of the expired mineral leases nor any right of the transferors to seek restoration of the property. Moreover, it is impossible for the transferors to transfer rights to New 90, LLC, under expired mineral leases. See **Grace Ranch, LLC v. BP America Production Co.**, 2017-1144 (La. App. 3rd Cir. 7/18/18), 252 So.3d 546, 558-559, writ denied, 2018-1655 (La. 2/18/19), 246 So.3d 450 (the right to assert claims under a mineral lease executed by prior property owners could not be assigned, because the lease had expired before the assignment was executed).

In their final assignment of error, the plaintiffs make an alternative argument that New 90, LLC, is a third-party beneficiary to the 1975 leases and the 1960 joint operating agreement between the defendants.[4] However, there is no evidence in the record of any written *stipulation pour autrui* (third-party beneficiary status) that conveys such a right to New 90, LLC. Third-party beneficiary status can never be presumed and the party claiming its benefit bears the burden of proof. **Eagle Pipe**, 79 So.3d at 283. The criteria for determining whether contracting parties have stipulated a benefit for a third party have been identified as: (1) the stipulation for a third party must be manifestly clear; (2) there must be certainty as to the benefit provided to the third party; and (3) the benefit must not be a mere incident of the contract. **Joseph v. Hospital Service Dist. No. 2 of Parish of St. Mary**, 2005-2364 (La. 10/15/06), 939 So.2d 1206, 1212. See also **J.D. Fields & Co., Inc. v.**

---

[4] The plaintiffs made the claim that New 90, LLC, is a third-party beneficiary in a motion for partial summary judgment as to solidarity of BP, Chevron, and SNG, which the trial court denied. The plaintiffs did not appeal that trial court ruling.

**Nottingham Const. Co., LLC**, 2015-0697 (La. App. 1st Cir. 11/9/15), 184 So.3d 713, 716.

The plaintiffs have produced no evidence demonstrating a clear intent in the damage clauses of the mineral leases to benefit a third party like New 90, LLC, especially in light of the fact that New 90, LLC, was not even created until over three decades after the 1975 mineral leases were executed and nearly a decade after the leases expired. Without any contractual specification, the plaintiffs cannot claim that New 90, LLC, has a right to sue the defendants for property damage as a third-party beneficiary. We find no merit to this final assignment of error.

## CONCLUSION

We hereby affirm the trial court's amended judgment dated November 2, 2020, granting partial summary judgment in favor of the defendants, Chevron U.S.A., Inc., Southern Natural Gas Company, L.L.C., Energen Resources Corporation, and BP America Production Company, and dismissing all claims of New 90, LLC. We remand this matter to the trial court for further proceedings, and we assess all costs of this appeal to the plaintiffs, New 90, LLC, and James J. Bailey, III, individually and as the representative of the Successions of Willie Palfrey Foster and Fairfax Foster Bailey.

**AFFIRMED AND REMANDED.**